## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| SARAH FETES, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>LEE ENTERPRISES INCORPORATED,<br><br>     Defendant. | Civil Action No. 3:25-cv-00067-SMR-SBJ |
| ANTHONY BANGERT, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>LEE ENTERPRISES INCORPORATED,<br><br>     Defendant. | Civil Action No. 3:25-CV-00070-SMR-SBJ |
| DECLAN LAWSON, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>LEE ENTERPRISES INCORPORATED,<br><br>     Defendant. | Civil Action No. 3:25-CV-00071-RGE-HCA |

| | |
|---|---|
| NICOLE CHURCH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEE ENTERPRISES INCORPORATED,<br><br>Defendant. | Civil Action No. 3:25-CV-00075-SMR-SBJ |

**PLAINTIFFS' UNOPPOSED MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CLASS COUNSEL AND MEMORANDUM IN SUPPORT**

# TABLE OF CONTENTS

I.      INTRODUCTION..................................................................................................... 1

II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY ......................................... 2

III.    THE COURT SHOULD CONSOLIDATE THE ACTIONS................................................ 2

        1.    The Related Actions Share Common Questions of Law and Fact................................ 3

        2.    Consolidation Promotes Judicial Economy and Avoids Unnecessary
              Costs and Delay................................................................................................ 4

IV.     THE COURT SHOULD APPOINT INTERIM CLASS COUNSEL ................................... 5

        1.    Legal Standard ................................................................................................ 5

        2.    The Court Should Appoint Mr. Klinger, Ms. Loginov, and Mr. Ostrow as Interim
              Lead Counsel Under Rule 23(g) .................................................................... 6

              i.     Proposed Interim Class Counsel have Performed Substantial Work Investigating
                     and Litigating the Claims.................................................................... 7

              ii.    Proposed Interim Class Counsel Have Significant Relevant Experience .............. 7

              iii.   Proposed Interim Class Counsel have Committed, and will Continue
                     to Commit, the Resources Necessary to Represent the Class .............................. 14

              iv.    Other Factors Support Designating Proposed Interim Class Counsel................... 14

V.      CONCLUSION…………………………………………………………………………. 16

## TABLE OF AUTHORITIES

**CASES**                                                                                           **Page(s)**

*Cappello v. Franciscan All., Inc.*,
   No. 3:16-CV-290-TLS-MGG, 2017 WL 781609 (N.D. Ind. Feb. 28, 2017) ............................ 6

*Duqum v. Scottrade, Inc.*,
   No. 4:15-cv-1537-SPM, 2016 WL 1700427 (E.D. Mo. Apr. 28, 2016) .................................... 5

*Ekin v. Amazon Servs., LLC*,
   No. C14-0244-JCC, 2014 WL 12028588 (W.D. Wash. May 23, 2014) .................................... 5

*Farrell v. Bank of America, N.A.*,
   327 F.R.D. 422 (S.D. Cal. 2018) ...................................................................................... 13

*Gamboa v. Ford Motor Co.*,
   381 F. Supp. 3d 853 (E.D. Mich. 2019) ............................................................................ 5

*In re Aluminum Phosphide Antitrust Litig.*,
   No. 93-2452, 1994 WL 481847 (D. Kan. May 17, 1994) ...................................................... 14

*In re Arthur J. Gallagher Data Breach Litig.*,
   631 F. Supp. 3d 573 (N.D. Ill. 2022) ................................................................................ 8

*In re Blackbaud, Inc., Customer Data Breach Litig.*,
   No. 3:20-MN-02972-JMC, 2021 WL 2718439 (D.S.C. July 1, 2021) ...................................... 8

*In re Checking Acct. Overdraft Litigation*,
   1:09-md-02036-JLK,2013 WL 11319244 (S.D. Fla. Aug. 2, 2013) ........................................ 13

*In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM,
   2012 WL 12875942 (W.D. Tex. May 9, 2012) .................................................................... 4

*In re Wendy's Co. S'holder Derivative Litig.*,
   No. 1:16-cv-1153, 2018 WL 6605394 (S.D. Ohio Dec. 17, 2018) ..........................................14

*Karpilovsky v. All Web Leads, Inc.*,
   No. 17 C 1307, 2018 WL 3108884 (N.D. Ill. June 25, 2018) .................................................. 9

*Keil v. Bearden*,
   2021 WL 7708479 (W.D. Mo. Nov. 17, 2021) ...................................................................2, 3

*Kubiak v. Barbas*,
   No. 3:11-cv-141, 2011 WL 2443715 (S.D. Ohio June 14, 2011) ............................................ 14

*Leeb v. Charter Comm'ns, Inc.*,
   No. 4:17CV2780 RLW, 2019 WL 1372587 (E.D. Mo. Apr. 3, 2019)…………………….....5, 6

*League of United Latin American Citizens v. Abbott*,
   No. EP-21- CV-00259-DCG, 2021 WL 5417402 (W.D. Tex. Nov. 21, 2021)......................... 4

*McGinley v. Luv n' care, Ltd.*,
   2017 WL 11446205 (W.D. Mo. May 30, 2017)……………………………………………2, 3

*Ocean Ships, Inc. v. Stiles*,
   No. 00 Civ. 5469, 2003 WL 22741457 (S.D.N. Y. 2003)........................................................ 4

*Roe v. Arch Coal, Inc.*,
   No. 4:15-cv-910 (CEJ), 2015 WL 6702288 (E.D. Mo. Nov. 2, 2015)...................................... 6

*Syzmczak v. Nissan N. Am., Inc.*,
   Nos. 10 CV 7493(VB), 12 CV 2149(VB), 2012 WL 1877306 (S.D.N.Y. May 15, 2012)......... 6

*Webb v. Injured Workers Pharmacy, LLC*,
   72 F.4th 365 (1st Cir. 2023)…………………………………………………………………… 8

## **RULES**

Fed. R. Civ. P. 23(g)(1)(A) ...................................................................................................... 6

Fed. R. Civ. P. 23(g)(1)(A)-(B)................................................................................................ 6

Fed. R. Civ. P. 23(g)(1)(B)........................................................................................................ 6

Fed. R. Civ. P. 23(g)(1)(C) .................................................................................................... 14

Fed. R. Civ. P. 23(g), 42(a)…………………………………………………………………… 1

Fed. R. Civ. P. 23(g)(2)(A) ...................................................................................................... 5

Fed. R. Civ. P. 23(g)(3)...................................................................................................... 5, 7, 15

Fed. R. Civ. P. 42(a)........................................................................................................... 1, 2

## **OTHER AUTHORITIES**

7B Charles Alan Wright et al., FEDERAL PRACTICE. & PROCEDURE § 1802.3 (3d ed. 2005)
.................................................................................................................................................. 6

## I.     INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs Sarah Fetes, Anthony Bangert, Declan Lawson, and Nicole Church (collectively, "Plaintiffs") respectfully move for an order consolidating their four related proposed class actions (the "Related Actions") currently pending in the Southern District of Iowa: *Fetes v. Lee Enterprises, Incorporated*, Case No. 3:225-cv-00067-SMR-SBJ; *Bangert v. Lee Enterprises, Incorporated,* Case No. 3:25-cv-00070-SMR-SBJ; *Lawson v. Lee Enterprises Inc.,* Case No. 3:25-CV-00071-RGE-HCA; and *Church  v. Lee Enterprises Inc.,* Case No. 3:25-CV-00075-SMR-SBJ.

The Related Actions arise from the same alleged data breach (the "Data Incident") involving Defendant Lee Enterprises Incorporated ("Lee Enterprises"). Critically, all of the Related Actions have similar claims regarding the Data Incident and assert similar injuries for Plaintiffs and Class Members. The Related Actions are all the known cases filed in this District arising out of the Data Incident. Given the substantial similarities between the Related Actions, consolidating the above-captioned cases at this early stage is in the best interest of the Parties, Class Members, and the Court. *See* Fed. R. Civ. P. 23(g), 42(a).

Moreover, Plaintiffs request that the Court appoint Gary Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, Leanna A. Loginov of Shamis & Gentile, P.A., and Jeff Ostrow of Kopelowitz Ostrow P.A. (collectively, "Proposed Interim Class Counsel") to serve as Interim Co-Lead Counsel pursuant to Fed. R. Civ. P. 23(g) to guide this litigation for the Plaintiffs and putative Class Members. Mr. Klinger, Ms. Loginov and Mr. Ostrow are recognized leaders in data breach litigation and have litigated dozens of data breach and privacy class actions. Moreover, their firms have the resources necessary to prosecute and take this complex data breach class action to trial. Proposed Interim Class Counsel have been intimately involved in investigating, prosecuting, and coordinating this litigation, including the preparation and filing of this Motion. Appointment of Interim Class

Counsel at this early juncture will facilitate coordinated prosecution of the Related Actions and the possibility of early potential resolution, thereby conserving judicial resources. Thus, their appointment will best serve the Class.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to a Notice Letter sent by Lee Enterprises on or about June 3, 2025, an unauthorized threat actor unlawfully accessed Lee Enterprises' computer system and obtained files on or about February 1, 2025 (the "Data Breach"). *Fetes* Compl. ¶ 31.[1] Plaintiffs allege that the Data Incident exposed the personally identifiable information ("PII" or "Private Information") of Plaintiffs and Class Members. *Id*. ¶¶ 2, 31. Upon information and belief, the Data Incident allegedly exposed the Private Information of thousands of individuals (i.e., the Class). *Id.* ¶ 140.

On June 12, 2025, Plaintiff Sarah Fetes filed her class action complaint concerning the Data Incident and brought claims for negligence, negligence *per se*, unjust enrichment, invasion of privacy, breach of fiduciary duty, breach of implied contract, and declaratory judgment. *See Fetes* Compl. at 38-54. Later, on June 13, 2025, Plaintiff Declan Lawson filed his class action complaint concerning the Data Incident, bringing claims for negligence, negligence *per se*, unjust enrichment, breach of implied contract, and breach of confidence. *See* Case No. 3:25-cv-00071-RGE-HCA Doc. 1. On the same day, Plaintiff Anthony Bangert also filed his class action complaint and alleged claims for, *inter alia*, negligence, negligence *per se*, breach of implied contract, invasion of privacy/intrusion upon seclusion, and unjust enrichment. *See* Case No. 3:25-cv-00070-SMR-SBJ. Lastly, on June 19, 2025, Plaintiff Nicole Church filed her class action complaint and alleged claims for negligence, negligence *per se*, breach of implied contract, and unjust enrichment. *See* Case No. 3:25-cv-00075-SMR-SBJ. Defendant has not appeared in the Related Actions.

Counsel for Plaintiffs have conferred with Counsel for Lee Enterprises and Lee Enterprises

---

[1] All citations to "Fetes Compl." refer to the complaint filed in the Fetes Action at ECF No. 1.

does not oppose the Motion.

## III.    THE COURT SHOULD CONSOLIDATE THE ACTIONS

Fed. R. Civ. P. 42(a) allows for case consolidation "[w]hen actions involving a common question of law or fact are pending before the court" and "to avoid unnecessary costs or delay." *See McGinley v. Luv n' care, Ltd.*, 2017 WL 11446205, at *1 (W.D. Mo. May 30, 2017); *Keil v. Bearden*, 2021 WL 7708479, at *1 (W.D. Mo. Nov. 17, 2021) ("Consolidation is usually favored when two cases involve 'common parties, overlapping legal issues, and related factual scenarios.'") (citations omitted).

### 1.    The Related Actions Share Common Questions of Law and Fact.

Consolidation of the Related Actions is proper because, for the purposes of consolidation, the Related Actions indisputably share "common questions of law or fact" and consolidation will serve judicial convenience and reduce cost and delay. All Related Actions arise from the same Data Breach, are all pled as class actions against Lee Enterprises,[3] and involve substantially overlapping factual allegations and causes of action.

For purposes of consolidation, Plaintiffs contend that these common questions of fact and law in the Related Actions include, *inter alia*: (a) whether and to what extent Defendant owed Plaintiffs and Class Members a duty of care; (b) whether Defendant breached its duty of care to Plaintiffs and Class Members when it allegedly failed to implement reasonable data security measures and train staff appropriately; (c) whether Defendant's failures allowed cybercriminals to gain unauthorized access to Lee Enterprises' data systems and steal the Private Information of Plaintiffs and Class Members; (d) whether Plaintiffs and Class Members were harmed by Defendant's conduct related to the Data Incident, (e) whether Defendant's actions constitute an invasion of privacy, and (f) whether Defendant was unjustly enriched by saving the costs it reasonably should have expended on data security

3

measures. For purposes of consolidation, Plaintiffs contend that these common questions of fact and law predominate and favor consolidation. Courts consistently find that data breach class actions are appropriate for consolidation. *See, e.g.*, *Johnson et al. v. Cornerstone National Insurance Company,* No. 22-cv- 04135 (W.D. Mo. Mar 6, 2023), ECF No. 29 (ordering consolidation of two actions arising from a data breach); *Guy v. Convergent Outsourcing, Inc.*, No. 2:22-cv-01558 (W.D. Wash. Dec. 13, 2022), ECF No. 16 (ordering consolidation of four actions arising from a data breach); *Kostka v. Dickey's Barbecue Rests., Inc.*, No. 3:20-cv-3424 (N.D. Tex. Mar. 19, 2021), ECF No. 37 (ordering consolidation of three actions stemming from the same data breach).

2.     **Consolidation Promotes Judicial Economy and Avoids Unnecessary Costs and Delay.**

In determining whether to consolidate cases, courts typically evaluate the burden on parties, witnesses, and judicial resources and the risk of inconsistent adjudications of common factual and legal issues were the lawsuits to be tried separately. *See League of United Latin American Citizens v. Abbott*, No. EP-21- CV-00259-DCG, 2021 WL 5417402, at *2 (W.D. Tex. Nov. 21, 2021) (consolidating cases upon finding: "that the cases share common defendants; that the cases share common questions of law and fact; that consolidation will conserve judicial resources and best serve the interests of all parties and witnesses; and that the cases are at similar stages of litigation."). Here, the Related Actions are in the initial stages of litigation, and consolidation will reduce delay, confusion, and duplication of discovery, motion practice, and depositions. Plaintiffs' counsel anticipates that the Related Actions will involve substantially the same discovery. Thus, consolidating the Related Actions will eliminate duplicative judicial work, streamline motion practice, prevent duplicative written discovery and depositions, and avoid conflicting outcomes. *See In re CaptureRx Data Breach Litig.*, No. 5:21-cv-00523-OLG, Doc. No. 13, at 1 (W.D. Tex. July 8, 2021) (consolidating related actions in data breach class action "to ensure consistent and efficient adjudications"); *Ocean Ships, Inc. v. Stiles*, No. 00 Civ. 5469, 2003 WL 22741457, at *3 (S.D.N.Y. 2003) ("Consolidating the

4

two cases would also promote judicial efficiency by reducing discovery costs.").

To ensure continued judicial efficiency, Plaintiffs in each of the Related Actions also jointly and respectfully request that the Court order that any future actions that are filed, removed, or transferred to this Court and are based on the same or similar facts and circumstances be consolidated in the proposed master action: *In re: Lee Enterprises Data Security Litigation*, Case No. 3:25-cv-00067-SMR-SBJ. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. DR-11-CV- 43-AM, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) (consolidating new case following its order that "future cases 'arising out of the same or substantially the same transactions or events as the above captioned cases' shall be united into the consolidated case.").

## IV.    THE COURT SHOULD APPOINT INTERIM CLASS COUNSEL

### 1.   Legal Standard

Federal Rule of Civil Procedure 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Early appointment of interim class counsel is warranted when there are competing "copycat" filings or the risk of such filings. Multiple identical or similar actions prevent efficient prosecution of claims and cause disjointed legal strategy and prejudice to both defendants, plaintiffs, and putative class members. *See Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019) ("Designation of interim counsel is particularly appropriate when a number of lawyers have filed related 'copycat' actions."); *Ekin v. Amazon Servs., LLC*, No. C14-0244-JCC, 2014 WL 12028588, at *3 (W.D. Wash. May 23, 2014) ("designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.") (quoting MANUAL OF COMPLEX LITIG. § 21.11 (4th ed. 2004)).

Rule 23(g) contemplates early appointment of class counsel, even where there are no

competing applications. *See Duqum v. Scottrade, Inc.*, No. 4:15-cv-1537-SPM, 2016 WL 1700427, at *1 (E.D. Mo. Apr. 28, 2016). Indeed, the Advisory Committee Notes to Rule 23(g)(2)(A) explain that the rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." Designating class counsel now ensures the protection of the interests of the Class in making and responding to motions, conducting discovery, and negotiating possible settlements. *See Leeb v. Charter Comm'ns, Inc.*, No. 4:17CV2780 RLW, 2019 WL 1372587, at *1 (E.D. Mo. Apr. 3, 2019); *Syzmczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing MANUAL FOR COMPLEX LITIG. § 21.11 (4th ed. 2004)).

Determining the appointment of interim class counsel requires the court to consider counsel's: (1) work in identifying and investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources. *Roe v. Arch Coal, Inc.*, No. 4:15-cv-910 (CEJ), 2015 WL 6702288, at *2 (E.D. Mo. Nov. 2, 2015) (citing Fed. R. Civ. P. 23(g)(1)(A)). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* (citing Fed. R. Civ. P. 23(g)(1)(B)). The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." MANUAL FOR COMPLEX LITIG. § 10.22 (4th ed. 2004). The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright et al., FEDERAL PRACTICE. & PROCEDURE § 1802.3 (3d ed. 2005).

**2. The Court Should Appoint Mr. Klinger, Ms. Loginov, and Mr. Ostrow as Interim Lead Class Counsel Under Rule 23(g).**

As Plaintiffs demonstrate below, Proposed Interim Class Counsel satisfy all requirements for appointment by the Court.

### i. Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims.

Proposed Interim Class Counsel have been diligent in investigating and advancing this litigation. Counsels' investigations prior to filing the Related Actions included, without limitation, analyzing the circumstances surrounding the Data Incident, interviewing individuals injured by the Data Incident, researching potential legal claims, drafting initial pleadings and statutory notices, and organizing Plaintiffs and counsel to self-consolidate the actions and move the litigation forward. Indeed, Proposed Interim Class Counsel worked to quickly organize and avoid any delay that could be caused by a leadership dispute to address the merits of the case as expeditiously as possible. Proposed Interim Class Counsel's efforts at self-organization were successful, as evidenced by this Motion. Going forward, and if appointed, Proposed Interim Class Counsel will establish a standardized protocol for managing and reporting time and expenses incurred. Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Class Counsel under Fed. R. Civ. P. 23(g)(3).

### ii. Proposed Interim Class Counsel Have Significant Relevant Experience.

Proposed Interim Class Counsel are well-qualified to lead this case because they have a track record of successfully litigating and resolving consumer class actions, particularly data breach class actions. The qualifications and experience of Proposed Interim Class counsel are set forth below.

**Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC**[2]

---

[2] *See* Milberg's firm resume attached as Exhibit A for additional information regarding Mr. Klinger's firm.

Mr. Klinger is a Senior Partner at Milberg and Chair of its Cybersecurity and Data Privacy Practice Group. Located in Chiago, Illinois, Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024)[3] and having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation (2024).[4] Law360 recently highlighted Mr. Klinger's work in the privacy space.[5]

Mr. Klinger has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g., In re: MoveIt Customer Data Security Breach Litigation,* 1:23-md-03083 (D. Mass.) (where Mr. Klinger was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers); *Isaiah v. LoanDepot, Inc.,* 8:24-cv-00136-DOC-JCE (C.D. Cal) (where Mr. Klinger was appointed co-lead counsel in a data breach that impacted 17 million consumers). Mr. Klinger and his firm have played an important role in developing the favorable case law that many plaintiffs rely on in the data breach space. *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.,* 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *Flores v. Aon Corp*., 2023 IL App. (1st) (230140) (where Mr. Klinger obtained reversal of a dismissal with prejudice in a data breach class action); *In re Blackbaud, Inc., Customer Data Breach Litig.,* No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a

---

[3] Only three plaintiffs' lawyers in the country received the distinction of being ranked by Chambers and Partners for Privacy & Data Security Litigation.

[4] *See* https://chambers.com/lawyer/gary-klinger-usa-5:26875006; https://www.lawdragon.com/guides/2023-09-08-the-2024-lawdragon-500-leading-litigators-in-america.

[5] https://www.law360.com/articles/1854005/rising-star-milberg-s-gary-klinger

standing challenge in a 10 million person data breach case).

Over the past 3 years, Mr. Klinger has settled on a classwide basis more than 100 class actions involving privacy violations, the majority of which are data breaches, in state and federal courts across the country as lead or co-lead counsel. To his knowledge, no other attorney in the country has settled and won court approval of more data breach class actions during this period. Representative cases include: *Parris, et al., v. Meta Platforms, Inc.,* Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $64.5 million for 4 million consumers in a privacy class action); *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action); *In re: East Palestine Train Derailment,* No. 23-cv-00242 (N.D. Ohio) (where Mr. Klinger serves on the leadership team that obtained a settlement of $600 million in a complex class action).[6]

### Leanna A. Loginov of Shamis & Gentile, P.A. [7]

Leanna A. Loginov is a Partner at Shamis & Gentile, P.A., where she concentrates her practice in the firm's data privacy and consumer protection litigation groups. Ms. Loginov has extensive experience in the realm of data privacy litigation, including actively litigating dozens of data breach class actions throughout the country. *See* e.g. *In re AACOM Data Breach Litigation*, Case No. 8:25-cv-01239 (appointed interim co-lead counsel); *In re Cardiology Associates Data Breach Litigation*, Case No. 02-CV-2025-900139 (Ala. Cir. Ct. 2025) (appointed interim co-lead class counsel); *In Re Tycon Medical Systems, Inc., Data Security Breach Litigation*, Case No. 2:25-cv-19

---

[6] Mr. Klinger has also successfully litigated privacy class actions through class certification. See, e.g., Sewall v. Home Partners Holdings LLC, No. A23-1662, 2024 WL 64318, at *1 (Minn. Ct. App. Jan. 2, 2024) (denying interlocutory review to an order granting class certification to a class of lessees in a landlord-tenant dispute); Karpilovsky v. All Web Leads, Inc., No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. 2018) (where Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members; the case ultimately settled for $6.5 million).

[7] *See* the Shamis & Gentile, P.A. firm resume attached as Exhibit B for additional information.

(E.D. Va. 2025) (appointed interim co-lead counsel); *In re Stanley Steemer International Data Breach Litigation*, Case No. 2:23-cv-03932 (S.D. Ohio); *Sankar v. California Northstate University, LLC*, Case No. 2:24-cv-00473 (E.D. Cal.); *In re Risas Holdings LLC and Risas Dental Management LLC Data Breach Litigation,* Case No. 2:24-cv-00789 (D. Ariz.); *Jimenez Jr. v. OE Federal Credit Union,* Case No. 4:24-cv-02746 (N.D. Cal.); *Springer v. Johnson and Wales University,* Case No. 1:24-cv-00399 (D.R.I).

In connection with litigating class cases in state and federal courts nationwide, Ms. Loginov has made it a point to become a permanent member of numerous bars to effectively represent those communities. Ms. Loginov is permanently admitted to practice law in the states of New York and New Jersey, as well as the U.S. District Courts for the Eastern, Northern and Southern Districts of New York, District of New Jersey, Northern and Central Districts of Illinois, and the Northern and Eastern Districts of Texas.

Beyond her personal expertise, Ms. Loginov brings the extensive experience of her firm, Shamis & Gentile. Shamis & Gentile is a well-established and successful law firm that can and will provide the resources and personnel necessary to pursue a case of this magnitude, a fact they have demonstrated in previous data breach class actions. Shamis & Gentile has filed and successfully litigated thousands of banking, insurance, data privacy, deceptive and unfair trade practice and product liability class action cases, often through contested class certification and even until trial. As a result, Shamis & Gentile has successfully recovered over 1 billion dollars for consumers nationwide. The firm's resources are not merely financial but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiffs and the putative class(s).

Shamis & Gentile understands the time, energy, and skill necessary to lead this litigation, and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Ms. Loginov has already demonstrated her commitment to this litigation by

devoting substantial resources to prosecuting this action. Ms. Loginov has worked on numerous actions with proposed interim class counsel involved in the proposed consolidated action and is certain she will continue to successfully work with them on this case.

## Jeff Ostrow of Kopelowitz Ostrow P.A.[8]

Jeff Ostrow is the Managing Partner of KO and has been practicing law for 27 years. Mr. Ostrow established the South Florida-based firm immediately following his graduation from Nova Southeastern University in 1997 and has since grown it to 30 attorneys.

Beyond managing the firm, Mr. Ostrow heads the class action department and maintains a full caseload of nationwide class actions. Although Mr. Ostrow currently only represents class plaintiffs, he has prior experience defending large companies in class actions, including banks, commercial lenders, and tech companies, which affords him a valuable perspective and advantage in litigation and settlement.

Mr. Ostrow is counsel of record in more than 300 pending data breach cases. He is currently court-appointed Lead Counsel in MDLs and in federal and state courts across the country. He is Lead Counsel in MDL-3090, *In re Fortra File Transfer Software Data Sec. Breach Litig*., No. 24-md-3090 (S.D. Fla.), which involves 10 defendants and 6 million people, and settled for $27 million. Additional examples of data breach cases in which he serves as Lead Counsel include: *In Re: AT&T Inc. Customer Data Sec. Breach Litig.*, 3:24-cv-00757 (N.D. Tex.), which settled for $177 million; *McNally, et al. v. Infosys McAmish Sys., LLC*, 1:24-cv-00995 (N.D. Ga.), which settled for $17.5 million; *Owens v. MGM Resorts Int'l*, 2:23-cv-01480-RFB-MDC (D. Nev.), which settled for $45 million; *Harrell v. WebTPA Employer Servs. LLC*, No. 3:24-cv-01160 (N.D. Tex.), which settled for $13.75 million; *In re Berry, Dunn, McNeil & Parker Data Sec. Incident Litig.* (D. Me.), which settled for $7.25 million; *Mclean v. Signature Performance, Inc.*, No. 8:24-cv-230 (D. Neb.), which settled for $8.5 million;

---

[8] *See* the Kopelowitz Ostrow P.A. firm resume attached as Exhibit C for additional information.

*Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting 8.9 million individuals; *Stallone v. Fin. Bus. & Consumer Sols., Inc.*, No. 2:24-cv-01876 (E.D. Pa.), affecting almost two million individuals; *In re HealthEquity, Inc. Data Sec. Incident Litig.*, No. 2:24-cv-528 (D. Utah), affecting 4.3 million patients; *Butler v. Acadian Ambulance Serv., Inc.*, No. 6:24-cv-01011 (W.D. La.), affecting 3 million patients; and *In re DISA Global Data Breach Litig.*, No. 4:25-cv-00821 (S.D. Tex.), affecting 3.3 million individuals. Moreover, Mr. Ostrow has court-appointed positions in MDLs including *In In re: Evolve Bank & Trust Customer Data Breach Litig.*, MDL No. 3127 (W.D. Tenn.), which settled for $17.0 million, as well as *In re: Snowflake, Inc., Data Breach Litig.*, MDL No. 3126 (D. Mont.); *In re: Consumer Vehicle Driving Data Tracking Collection*, MDL No. 3115 (N.D. Ga.); *In re Change Healthcare, Inc. Data Breach Litig.*, MDL No. 3108 (D. Minn.); and *In re: PowerSchool Holdings, Inc. Customer Data Sec. Breach Litig.*, MDL No. 3149 (S.D. Cal.).

For about 13 years, Mr. Ostrow's firm served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litigation*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and is Liaison Counsel in *In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. Moreover, KO is co-counsel for Broward County and the City of Fort Lauderdale in *In re: National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.), helping clients recover $100 million and $26 million, respectively.

Federal judges have recognized Mr. Ostrow's commitment to excellence. In *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018), in which Mr. Ostrow served as lead counsel on behalf of millions of people, United States District Judge James Lorenz made the following observation when granting final approval of a settlement that included a $68 million recovery and $1.2

billion in injunctive relief requiring the defendant bank to stop an enormously lucrative practice:

> Class Counsel achieved this result through tenacity and great skill. In all of their written submissions and in their presentation at the Final Approval Hearing, Class Counsel's arguments were laudably clear and precise, no small feat given the complexity of the legal questions at issue here. It is clear that substantial preparation went into all of Class Counsel's work on this case.

Similarly, when approving a $13 million settlement in which Mr. Ostrow was one of the lead counsel, United States District Judge James Lawrence King commented that "Class Counsel's efforts in pursing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, 1:09-md-02036-JLK, 2013 WL 11319244, *16 (S.D. Fla. Aug. 2, 2013). In another recent case in which Mr. Ostrow was lead counsel, United States District Judge Jose Martinez noted, "Here, Class Counsel worked extensively and with a high level of skill to advance Plaintiff's claims . . . The case involved difficult factual and legal issues from a global pandemic. . . . Despite the strong defenses presented by Barry [University], Class Counsel obtained an excellent result for the Settlement Class Members." *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM (S.D. Fla.), ECF No. 84 at 14.

Mr. Ostrow has worked productively with Proposed Interim Class Counsel in many other cases. He is confident that this proposed leadership structure will result in an excellent recovery for all clients and Class Members.

### iii. Proposed Interim Class Counsel have Committed, and will Continue to Commit, the Resources Necessary to Represent the Class.

A court appointing interim lead counsel should also consider the resources that counsel will commit to representing the putative classes. Fed. R. Civ. P. 23(g)(1)(C). Proposed Interim Co- Lead Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each firm understands the time, energy, and skill necessary to lead this litigation and all will commit the resources required to ensure the effective and efficient representation of the Class Members. And, as their firm resumes and counsels' experience indicate, Proposed Interim Class Counsel have the resources and willingness to see this litigation through to its conclusion,

13

including trial.

### iv. Other Factors Support Designating Proposed Interim Class Counsel.

The proposed leadership structure has the support of all Plaintiffs in the Related Actions. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at **5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel."); *see also In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018) (quoting *Kubiak v. Barbas*, No. 3:11-cv-141, 2011 WL 2443715, at *2 (S.D. Ohio June 14, 2011) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel."); MANUAL FOR COMPLEX LITIG. §§ 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"). A leadership slate should also "responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and background." Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass- Tort MDLs* 28 (2d ed. 2018) ("Duke Guidelines"), available at https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-201For-Posting-pdf. The proposed leadership team brings a diverse set of experiences and skills, and their success in self-organizing and securing each other's support demonstrates their suitability for leadership roles. The proposed leadership team will also work well as a team, with opposing counsel, and with the Court. *See* MANUAL FOR COMPLEX LITIG. § 10.21 (explaining that leadership should place a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the court, all of which are critical to successful management of the litigation). Indeed, courts often consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." *See* Duke Guidelines. Here, the proposed leadership have developed working relationships, have complimentary talents, and have

"developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id*.

Further, Proposed Interim Class Counsel have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter. Proposed Interim Class Counsel understand that they will be required to make contributions to fund the litigation, and they will not accept any third-party funding to do so. While Proposed Interim Class Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. To this end, Proposed Interim Class Counsel have already discussed how best to organize to effectively use their diverse skills and unique experiences for the efficient prosecution and management of this litigation, while avoiding unnecessary and duplicative billing.

## V. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order:

1) Consolidating the Related Actions under the master case caption *In re: Lee Enterprises Data Security Litigation*, Case No. 3:25-cv-00067-SMR-SBJ;

2) Consolidating any future-filed, transferred, or removed case that arises out of the same subject matter as the Related Actions;

3) Appointing Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Leanna A. Loginov of Shamis & Gentile, P.A., and Jeff Ostrow of Kopelowitz Ostrow P.A. as Interim Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(g)(3);

4) Setting a deadline of 30 days following the entry of an order appointing Interim Co-Lead Class Counsel for the filing of a Consolidated Class Action Complaint; and

5)    Striking all pending deadlines in each of the Related Actions and staying each of

the Related Actions, including any Defendant's responsive pleading deadlines.

DATED:  July 8, 2025.                Respectfully submitted,

                                     */s/J. Barton Goplerud*
                                     J. Barton Goplerud, AT0002983
                                     Brian O. Marty, AT0011622
                                     **SHINDLER ANDERSON GOPLERUD &
                                     WEESE P.C.**
                                     5015 Grand Ridge Drive, Suite 100
                                     West Des Moines, Iowa 50265-5749
                                     Telephone: (515) 223-4567
                                     Facsimile: (515) 223-8887
                                     Email: goplerud@sagwlaw.com
                                     Email: marty@sagwlaw.com

                                     Leanna A. Loginov*
                                     **SHAMIS AND GENTILE PA**
                                     14 N.E. 1st Ave Suite 705
                                     Miami, FL 33132
                                     T: 305-479-2299
                                     F: 786-623-0915
                                     lloginov@shamisgentile.com

                                     Gary Klinger
                                     **MILBERG COLEMAN BRYSON
                                     PHILLIPS GROSSMAN, PLLC**
                                     402 W Broadway, Suite 1760
                                     San Diego, CA 92101
                                     Tel.: (858) 209-6941
                                     Email: jnelson@milberg.com

                                     Jeff Ostrow*
                                     **KOPELOWITZ OSTROW PA**
                                     One West Las Olas Blvd. Suite 500
                                     Fort Lauderdale, FL 33301
                                     T: 954-525-4100
                                     ostrow@kolawyers.com

                                     Leigh S. Montgomery*
                                     Texas Bar No. 24052214
                                     lmontgomery@eksm.com

16

Service only: service@eksm.com
**EKSM, LLP**
4200 Montrose Blvd. Ste 200
Houston, Texas 77006
Phone: (888) 350-3931

*Counsel for Plaintiffs and the Putative Class*

*Application for Admission *Pro Hac Vice*
Forthcoming

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 25, 2025, the foregoing was filed electronically with the Clerk of Court using the CM/ECF System and was thereby served on all counsel of record.

*/s/ J. Barton Goplerud*