# <u>EXHIBIT 1</u>

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and among Plaintiffs Sarah Fetes, Anthony Bangert, Declan Lawson, Nicole Church, Douglas Arp, and Briar Napier, on behalf of themselves and on behalf of the Settlement Class[1] (collectively referred to as the "Plaintiffs"), and Defendant Lee Enterprises, Incorporated ("Lee Enterprises" or "Defendant") (together with "Plaintiffs", the "Parties"). This Settlement Agreement fully and finally resolves and settles all of Plaintiffs' and the Settlement Class's Released Claims, upon and subject to the terms and conditions hereof, and subject to the Court's approval.

## RECITALS

**WHEREAS**, on or about February 2025, Defendant experienced a cybersecurity incident that allegedly impacted the Private Information of Plaintiffs and Settlement Class Members (approximately 39,779 individuals) (the "Data Security Incident").

**WHEREAS**, the types of Private Information allegedly impacted include names, Social Security numbers and medical information.

**WHEREAS,** on or around June 3, 2025, Defendant provided notice to individuals whose data was potentially impacted by the Data Security Incident.

**WHEREAS,** on June 12, 2025, Plaintiff Sarah Fetes filed the first action against Defendant, seeking relief for injuries arising from the Data Security Incident, captioned *Fetes v. Lee Enterprises, Inc.*, in the United States District Court for the Southern District of Iowa (the "Fetes Action").

**WHEREAS,** Plaintiffs Anthony Bangert, Declan Lawson, Nicole Church, subsequently filed three related actions in the United States District Court for the Southern District of Iowa, and on July 11, 2025, these actions were consolidated with the first filed *Fetes* Action and caption *Fetes, et al. v. Lee Enterprises, Inc.*, Case. No. 3:25-cv-00067 (the "Action").

**WHEREAS**, Plaintiff Briar Napier filed an action in the Iowa District Court for Scott County on June 23, 2025, which was removed to the United States District Court for the Southern District of Iowa on July 15, 2025 and captioned *Napier, et al. v. Lee Enterprises, Inc.*, Case No. 3:25-cv-00082. On July 21, 2025, Plaintiff filed a notice of voluntary dismissal without prejudice in this case.

**WHEREAS**, Plaintiff Douglas Arp filed an action in the United States District Court for the Southern District of Iowa on July 15, 2025, and captioned *Arp, et al. v. Lee Enterprises, Inc.*, Case No. 3:25-cv-00080. On July 30, 2025, Plaintiff filed a notice of voluntary dismissal without prejudice in this case.

**WHEREAS,** on August 11, 2025, Plaintiffs Sarah Fetes, Anthony Bangert, Declan Lawson, Nicole Church, Douglas Arp, and Briar Napier filed a consolidated class action complaint

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section 1 below.

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

in the Action and asserted against Lee Enterprises claims for negligence, negligence *per se*, unjust enrichment, invasion of privacy, breach of fiduciary duty, breach of implied contract, and declaratory judgment.

**WHEREAS,** throughout the pendency of the Action, to avoid the risks, expense and uncertainties of litigation, the Parties exchanged informal discovery to aid settlement negotiations pursuant to Federal Rule of Evidence ("FRE") 408, including information targeted at the nature of the Data Security Incident, the size and scope of the putative class, the data elements at issue, and Defendant's responsive and remedial measures.

**WHEREAS,** the Parties engaged in arms-length negotiations conducted through experienced counsel before ultimately agreeing to resolve the claims brought by Plaintiffs on behalf of the putative class.

**WHEREAS,** pursuant to the terms set forth below, this Agreement resolves all actual and potential claims, actions, and proceedings as set forth in the release contained herein, by and on behalf of Plaintiffs and the members of the Settlement Class, but excludes the claims of all Class Members who opt out from the Settlement Class pursuant to the terms and conditions herein.

**WHEREAS,** Class Counsel have thoroughly examined the law and facts relating to the matters at issue in the Action, Plaintiffs' claims, and Defendant's potential defenses, including conducting an independent investigation and confirmatory discovery, as well as conducting an assessment of the merits of expected arguments and defenses throughout the Action. Based on a thorough analysis of the facts and the law applicable to Plaintiffs' claims in the Action, and taking into account the burden, expense, and delay of continued litigation, including the risks and uncertainties associated with litigating class certification and other defenses that Defendant may assert, a protracted trial and appeal(s), as well as the opportunity for a fair, cost-effective, and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class Counsel believe that resolution is an appropriate and reasonable means of ensuring that the Class is afforded important benefits expediently. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and the risk of continued litigation, as well as the difficulties and delays inherent in such litigation.

**WHEREAS,** Plaintiffs and Class Counsel believe the terms set forth in this Settlement Agreement confer substantial benefits upon the Settlement Class and have determined that they are fair, reasonable, adequate, and in the best interests of the Settlement Class.

**WHEREAS,** Defendant denies all claims of wrongdoing or liability that Plaintiffs, Settlement Class Members, or anyone else has asserted in this Action or may assert in the future.

**WHEREAS,** at all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of any law or duty whatsoever, including those alleged in the Action.

**WHEREAS,** Defendant believes that the claims asserted in the Action lack merit and Defendant would have prevailed at summary judgment and/or at trial. Nonetheless, taking into account the costs, uncertainty, and risks inherent in any litigation, Defendant has concluded it is

2

desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

**WHEREAS**, this Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only. Defendant specifically denies any and all wrongdoing as further described above. The existence of, terms in, and any action taken under or in connection with this Agreement shall not constitute, be construed as, or be admissible in evidence as, any admission by Defendant of (i) the validity of any claim, defense, or fact asserted in the Action or any other pending or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

**WHEREAS**, the foregoing Recitals are true and correct and are hereby fully incorporated in, and made a part of, this Agreement.

**NOW, THEREFORE**, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree, as follows:

## 1.    DEFINITIONS

As used in this Agreement, the following terms shall be defined as follows:

1.1    "Action" means the consolidated action captioned *Fetes, et al. v. Lee Enterprises, Inc.*, No. 3:25-cv-00067-SMR-SBJ in the United States District Court for the Southern District of Iowa.

1.2    "Administrative Expenses" means any and all charges, fees, and expenses incurred by the Settlement Administrator in the administration of this Settlement, including, without limitation, all expenses and costs associated with claims administration, the Notice Plan, providing Notice to the Settlement Class, and providing Notice of the Settlement to appropriate federal and state officials as required by the Class Action Fairness Act (28 U.S.C. § 1715) ("CAFA"). Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement. All such Administrative Expenses shall be agreed upon by the Parties.

1.3    "Agreement" means this Settlement Agreement. The terms of the Settlement Agreement are set forth herein, including the exhibits hereto.

1.4    "Alternate Cash Payment" means the cash compensation that Settlement Class Members may elect under the Settlement in lieu of making a claim for an Extraordinary or Ordinary Loss payment under section 3.3.

3

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

1.5     "Approved Claim(s)" means a Claim Form submitted by a Class Member that (a) is timely submitted in accordance with the directions on the Claim Form and the terms of this Agreement; (b) is physically signed or electronically verified by the Class Member; (c) is fully and truthfully completed by the Class Member and provides all the information and conditions for eligibility for a Settlement Benefit as set forth in the Claim Form; and (d) has been approved by the Settlement Administrator pursuant to the terms of this Agreement.

1.6     "Business Days" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the federal government.

1.7     "CAFA Notice" means the notice disseminated or to be disseminated to appropriate federal and state officials by the Settlement Administrator within 10-days of the filing of this Settlement Agreement with the Court pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

1.8     "Claimant" means a Class Member who submits a Claim Form for a Settlement Payment.

1.9     "Claim Form" means the form attached hereto as **Exhibit A**, as approved by the Court. The Claim Form must be submitted physically (via U.S. Mail) or electronically (via the Settlement Website) by Class Members who wish to file a claim for their given share of the Settlement Benefits pursuant to the terms and conditions of this Agreement. The Claim Form shall be available for download from the Settlement Website. The Settlement Administrator shall mail a Claim Form, in hardcopy form, to any Class Member who so requests.

1.10     "Claims Deadline" means the date by which all Claim Forms must be received to be considered timely and shall be set as the date 90 days after the Notice Date. The Claims Deadline shall be clearly set forth in the Claim Form, Postcard Notice, Long Form Notice, and the Court's Preliminary Approval Order.

1.11     "Class Counsel" means Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Jeff Ostrow of Kopelowitz Ostrow and Leanna A. Loginov of Shamis & Gentile, P.A.

1.12     "Class Member" means a member of the Settlement Class.

1.13     "Class Representatives" means Sarah Fetes, Anthony Bangert, Declan Lawson, Nicole Church, Douglas Arp, and Briar Napier.

1.14     "Court" means the United States District Court for the Southern District of Iowa.

1.15     "Defendant's Counsel" or references to counsel for Lee Enterprises means Angelo A. Stio III and/or Melissa Chuderewicz of the law firm of Troutman Pepper Locke LLP.

4

1.16    "Defendant" or "Lee Enterprises" means Lee Enterprises, Incorporated and its predecessors, successors, affiliates, subsidiaries, parents and assigns and their respective shareholders, principals, partners, officers, agents, dealers, suppliers, attorneys, representatives, employees, and insurers.

1.17    "Data Security Incident" refers to the cybersecurity incident that Lee Enterprises experienced in February 2025 that allegedly impacted the Private Information of Class Representatives and Settlement Class Members.

1.18    "Documented Loss" means either an "Extraordinary Loss" or "Ordinary Loss."

1.19    "Effective Date" means thirty (30) days from the date on which all appellate rights with respect to the Final Approval Order have expired or have been exhausted in such a manner as to affirm the Final Approval Order and Judgment, and when no further appeals are possible, including review by the United States Supreme Court.

1.20    "Entity" means any person, corporation, partnership, limited liability company, association, trust, agency, or other organization of any type.

1.21    "Extraordinary Loss" is an expense or fee associated with identity theft, medical fraud, tax fraud, other forms of fraud, and other actual misuse of Private Information provided that (i) the loss is an actual documented and unreimbursed monetary loss; (ii) the loss was more likely than not caused by the Data Security Incident; (iii) the loss was not already covered by one or more of the time and expense compensation categories under Ordinary Losses provided for in this Agreement; (iv) the Class Member made reasonable efforts to avoid the loss or seek reimbursement for the loss, and (v) the loss occurred between June 1, 2025 and the close of the Claims Deadline and are supported by Reasonable Documentation.

1.22    "Final Approval Order and Judgment" means the order and judgment to be entered by the Court that:

        (a)    Certifies the Settlement Class for settlement purposes only;

        (b)    Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Settlement Agreement;

        (c)    Dismisses Plaintiffs' claims pending before it with prejudice and without costs, except as explicitly provided for in this Settlement Agreement;

        (d)    Approves the Releases provided in Section 4 and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties;

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

(e) Reserves jurisdiction over the settlement and this Settlement Agreement;

(f) Finds that there is no just reason for delay of entry of Final Approval Order with respect to the foregoing; and

(g) The time to appeal from the Final Approval Order has expired and no appeal has been timely filed; or if such an appeal has been filed, all potential appeals have been finally resolved and have resulted in an affirmation of the Final Approval Order; or the Court following the resolution of all potential appeals enters a further order or orders approving the Settlement Agreement on the material terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s).

1.23 "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment.

1.24 "Judgment" means a judgment rendered by the Court.

1.25 "Long Form Notice" means the long form notice of settlement substantially in the form attached hereto as **Exhibit C**.

1.26 "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) reasonable Administrative Expenses incurred pursuant to this Settlement Agreement, (ii) Service Awards approved by the Court, (iii) any amounts approved by the Court for the Fees Award and Costs, and (iv) applicable taxes, if any.

1.27 "Notice" means notice of the proposed class action settlement to be provided to Class Members pursuant to the Notice Plan approved by the Court in connection with preliminary approval of the Settlement. The Notice shall consist of the Postcard Notice, the Long Form Notice, and the Settlement Website and toll-free telephone line.

1.28 "Notice Date" means the date upon which Settlement Class Notice is initially disseminated to the Settlement Class by the Settlement Administrator, which shall be no later than thirty 30 days after entry of the Preliminary Approval Order.

1.29 "Notice Plan" means the settlement notice program, as approved by the Court, developed by the Settlement Administrator and described in this Agreement for disseminating Notice to the Class Members of the terms of this Agreement and the Final Approval Hearing.

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

1.30 "Objection Deadline" means the date by which Class Members must file and postmark required copies of any written objections, pursuant to the terms and conditions herein, to this Settlement Agreement and to any application and motion for (i) the Fee Award and Costs, and (ii) the Service Awards, which shall be 60 days following the Notice Date. The deadline for filing an objection will be clearly set forth in the Settlement Class Notice.

1.31 "Opt-Out Period" means the period in which a Class Member may submit a request to opt out or exclude him or herself from the Settlement, pursuant to the terms and conditions herein, which shall expire 60 days following the Notice Date. The deadline for filing a request to opt out will be clearly set forth in the Notice.

1.32 "Ordinary Loss" refers an unreimbursed monetary expense that was actually incurred by a Class Member as a result of the Data Security Incident, including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel; fees for credit reports, credit monitoring, or other identity theft insurance product purchased between June 1, 2025 and the date of the close of the Claims Period. Ordinary Loss also includes compensation for lost time as provided for in this Agreement. Compensation for Ordinary Losses must be supported by Reasonable Documentation.

1.33 "Parties" means the Plaintiffs and Defendant.

1.34 "Postcard Notice" means the postcard notice of the proposed Settlement herein, substantially in the form attached hereto as **Exhibit B**.

1.35 "Preliminary Approval Order" means an order by the Court that preliminarily approves the Settlement (including, but not limited to, the forms and Notice Plan for providing Notice to the Settlement Class), permits Notice to the proposed Settlement Class, establishes a procedure for Class Members to object to or opt out of the Settlement, and sets a date for the Final Approval Hearing, without material change to the Parties' agreed-upon proposed Preliminary Approval Order attached hereto as **Exhibit D**.

1.36 "Private Information" means information potentially compromised in the Data Security Incident, which may include names, Social Security numbers and medical information.

1.37 "Reminder Notice" means a subsequent Notice sent to all Settlement Class Members who have not yet filed a claim, by the means used to send the initial Notice (i.e., U.S. Mail). A Reminder Notice may be sent by the Settlement Administrator 30 days prior to the Claims Deadline, in the event that the claims rate (as calculated by the Settlement Administrator) is less than 5% of the Settlement Class 30 days prior to the Claims Deadline. Class Counsel shall decide, in their sole discretion, whether or not to direct the Settlement Administrator to send a Reminder Notice. Any Reminder Notice will be paid for out of the Settlement Fund.

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

1.38    "Reasonable Documentation" means documentation supporting a claim for compensation for Documented Loss.  Reasonable Documentation includes, credit card statements, bank statements, invoices, telephone records, and receipts or other documentation that document the costs incurred but does not include documentation that is "self-prepared" by the claimant.  "Self-prepared" documents such as handwritten receipts are, but themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

1.39    "Released Claims" means any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) arising from or related to the Data Security Incident that have or could have been asserted in the Action. In addition to the foregoing release, the Class Representatives agree to release "Unknown Claims" (as set forth in Sections 4.3 to 4.5 below), including a waiver of Section 1542 of the California Civil Code.

1.40    "Release Effective Date" means the date that the Settlement Administrator begin disbursing Settlement Payments to the Settlement Class.

1.41    "Released Parties" means  Lee Enterprises, Incorporated and all of its/their respective past, present, and future parent companies, partnerships, subsidiaries, affiliates, divisions, employees, contractors, servants, members, providers, partners, principals, directors, officers, shareholders, and owners, and all of their respective attorneys, heirs, executors, administrators, insurers, coinsurers, reinsurers, joint ventures, personal representatives, predecessors, successors, transferees, trustees, and assigns, and includes, without limitation, any Person related to any such entities who is, was, or could have been named as a defendant in the Action. Each of the Released Parties may be referred to individually as a "Released Party."

1.42    "Release Period" means the period of time from February 2025, until the entry of a Preliminary Approval Order.

1.43    "Service Awards" means the amount awarded by the Court and paid to the Class Representatives in recognition of their role in this Action, as set forth below.

1.44    "Settlement" means this settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

1.45    "Settlement Administrator" means Simpluris, the third-party class action settlement administrator selected by the Parties subject to the approval of the Court. Under the supervision of Class Counsel, the Settlement Administrator shall oversee and

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

implement the Notice Plan and receive any requests to opt out of the Settlement or objections to the Settlement. Class Counsel and Defendant may, by agreement, substitute a different Settlement Administrator, subject to Court approval.

1.46    "Settlement Benefit(s)" means any Settlement Payment, credit monitoring Services, payments for out-of-pocket losses (as set forth herein), and any other benefits Class Members receive pursuant to this Agreement, including non-monetary benefits and relief, the Fee Award and Costs, Service Awards, and Administrative Expenses.

1.47    "Settlement Class," "Settlement Class Member" and "Class" is defined as "All persons identified as being among those individuals impacted by the Data Security Incident, including all who were sent a notice of the Data Security Incident." Defendant estimates that the Settlement Class includes 39,779 individuals. Excluded from the Settlement Class are: (1) the Judge(s) presiding over the Action and members of their immediate families and their staff; (2) Lee Enterprises and its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant, has a controlling interest; (3) natural persons who properly execute and submit a request to opt out prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

1.48    "Settlement Fund" " means the non-reversionary amount to be paid by, or on behalf of Defendant, totaling six hundred thousand and xx/100 dollars ($600,000.00), including any interest accrued thereon after payment to the Settlement Administrator, and being the full and complete limit and extent of Defendant's obligations with respect to the Settlement Agreement as specified in Section 3.1 of the Agreement.

1.49    "Settlement Payment" means any payment to be made to any Class Member for Approved Claims pursuant to Section 3.3 herein.

1.50    "Settlement Website" means the Internet website to be created, launched, and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms and requests to opt out, and provides access to relevant case documents including the Notice, information about the submission of Claim Forms, and other relevant documents, including downloadable Claim Forms.

1.51    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants). All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

and implementation of this Agreement (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Agreement) ("Tax Expenses"), shall be paid out of the Settlement Fund. Further, Taxes and Tax Expenses shall be treated as, and considered to be, an Administrative Expense and shall be timely paid by the Settlement Administrator, out of the Settlement Fund, without prior order from the Court and the Settlement Administrator shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members with Approved Claims any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Agreement. For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the Settlement Administrator shall be the "administrator." The Settlement Administrator shall timely and properly file or cause to be filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund and the escrow account (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this Agreement) shall be consistent with this Section and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in this Agreement.

## 2.    PROSPECTIVE RELIEF

2.1    Without admitting any liability and in consideration of the Settlement and releases provided for herein, Defendant has agreed to implement certain remedial business enhancement   which include expansion of third-party security monitoring, improvements in identity and access management, improvements in password management systems, enhancements to network segmentation and firewalls, and improvements in policies, processes and procedures.

2.2    Defendant has enhanced its cyber security software, data and privacy protocols, and technology-related security measures. These enhancements provide meaningful benefits to all Class Members, regardless of whether they submit a claim. The Parties agree that this valuation is separate from and in addition to the amount of the Settlement Fund.

## 3.    SETTLEMENT FUND / MONETARY PAYMENT / BENEFITS DETAILS

3.1    Lee Enterprises will pay, or cause to be paid, the sum of six hundred thousand and xx/100 dollars ("$600,000.00") to the Settlement Administrator on a non-reversionary basis to settle the Action. The Settlement Fund will be the complete, total, and final extent of the Lee Enterprises' and the Released Parties' liability in connection with the settlement of the Action, but for the expense(s) associated with

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

the prospective relief set forth in Section 2, which are separate and apart from the Settlement Fund. The Parties agree that no portion of the Settlement Fund shall ever be paid or returned to Lee Enterprises. The Settlement Fund will be applied to Settlement Benefits (except for the prospective relief set forth in Section 2), Administrative Expenses, the Fee Award and Costs, and class representative Service Awards and payment of Taxes. Defendant shall make, or cause to be made, the payment of funds necessary for settlement administration (as determined by the Settlement Administrator) into an escrow account controlled by the Settlement Administrator (as defined below) ("Settlement Escrow Account") within thirty (30) days following entry of the Preliminary Approval Order and Defendant's receipt of wire instructions and a properly completed and duly executed IRS Form W-9.  If a Final Approval Order  is not granted for any reason, the balance of the Settlement Escrow Account (after payment of costs associated with notice and administration necessary for the preliminary and final approval process), plus any interest earned on the Settlement Escrow Account, shall be returned to Defendant, within 10 days after such denial of final approval.

3.2    The Settlement Fund is to be deposited in the interest-bearing Settlement Escrow Account. The Settlement Escrow Account shall be held in a Qualified Settlement Fund (defined below) in interest-bearing bank account deposits with commercial banks with excess capital exceeding $1,000,000,000.00, with a rating of "A" or higher by S&P and in an account that is fully insured by the United States Government or the FDIC.

(a)    All interest on the funds in the Escrow Account shall accrue to the benefit of the Settlement Class. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Settlement Administrator. The Settlement Administrator is responsible for the payment of all Taxes.

(b)    The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 at all times after the creation of the Escrow Account. All Taxes shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the Taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification). For the purpose of the Internal Revenue Code and the Treasury regulations thereunder, the Settlement Administrator shall be designated as the "administrator" of the Settlement Fund. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in the previous paragraph) shall be consistent with this paragraph and in all events shall reflect that all taxes (including the Taxes, any estimated Taxes, interest, or penalties) on the

11

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Settlement Administrator shall maintain control over the Settlement Fund and shall be responsible for all disbursements. The Settlement Administrator shall not disburse any portion of the Settlement Fund except as provided in this Agreement and with the written agreement of Class Counsel and Defendant's Counsel or by order of the Court. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement or further order of the Court.

3.3    <u>Settlement Payments</u>. All Class Members can submit a claim for either (i) Compensation for Ordinary Losses or (ii) Compensation for Extraordinary Losses. Additionally, all Class Members can claim credit monitoring services (as explained herein).

(a)    <u>Compensation for Ordinary Losses</u>. Class Members may submit a claim for an Ordinary Loss (in accordance with the schedule below), cumulatively up to $1,000.00 per individual. These losses must be accompanied by appropriate documentation, as determined by the Settlement Administrator, to be valid. These losses must be justified and supported by Reasonable Documentation for tasks such as:

(i)    Out of pocket expenses incurred as a result of the Data Security Incident, including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel;

(ii)    Fees for credit reports, credit monitoring, or other identity theft insurance product purchased between June 1, 2025 and the date of the close of the Claims Period;

(iii)    Up to 4 hours of lost time, at $20/hour for time spent dealing with the Data Security Incident. Class members may submit claims for up to 4 hours of lost time with a signed attestation that they spent the claimed time responding to issues raised by the Data Security Incident.

(b)    <u>Compensation for Extraordinary Losses</u>. Class Members may submit a claim for an Extraordinary Loss (in accordance with the schedule below), cumulatively up to $3,000.00 per individual.  An Extraordinary Loss must be accompanied by Reasonable Documentation, as determined by the Settlement Administrator, to be valid and must establish:

(i)    The loss is an actual, documented, and unreimbursed monetary loss;

(ii)    The loss was more likely than not caused by the Data Security Incident;

12

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

(iii)    The loss occurred between June 1, 2025 and the close of the Claims Period;

(iv)    The loss is not already covered by one or more of the Ordinary Losses categories; and the Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

3.4    <u>Alternate Cash Payment</u>. In lieu of making a claim for an Extraordinary or Ordinary Loss payment under section 3.3 above, Class Members may submit a claim to receive a cash payment which will be adjusted on a pro rata basis ("Alternative Cash Payment"). The amount of the Alternative Cash Payment will be determined in accordance with the Plan of Allocation in Section 3.10 after amounts sufficient to pay Approved Claims for benefits in Sections 3.3 (and taxes, Administrative Expenses, Service Awards, the Fee Award and Costs, and the costs of credit monitoring services (set forth in Section 3.5 below) have been deducted from the Settlement Fund. Settlement Class Members will not need to supply any documentary proof to select this option. The value of the Alternative Cash Payment is estimated to be approximately $35.00.

3.5    <u>Credit Monitoring Services</u>. Settlement Class Members will be provided with the opportunity to enroll in one year of three-bureau credit monitoring services with at least $1 million in fraud protection through CyEx LLC.

3.6    <u>Settlement Payment Methods</u>. Settlement Class Members will be provided the option to receive any Settlement Payment due to them pursuant to the terms of this Agreement via various digital methods. In the event that Settlement Class Members do not exercise this option with the Settlement Administrator, they will receive their Settlement Payment via a physical check sent to them by U.S. Mail.

3.7    <u>Deadline to File Claims</u>. Claim Forms must be postmarked or received electronically within 90 days after the Notice Date.

3.8    <u>The Settlement Administrator</u>. The Settlement Administrator shall have the authority to determine whether a Claim Form is valid, timely, and complete. To the extent the Settlement Administrator determines a claim is deficient for a reason other than late posting, within a reasonable amount of time, the Settlement Administrator shall notify the Claimant (with a copy to Class Counsel) of the deficiencies and notify the Claimant that he or she shall have 30 days to cure the deficiencies and re-submit the claim. No notification is required for late-posted claims. The Settlement Administrator shall exercise reasonable discretion to determine whether the Claimant has cured the deficient claim. If the Claimant fails to cure the deficiency, the claim shall stand as denied, and the Class Member shall be so notified if practicable.

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

3.9     <u>Timing of Settlement Benefits</u>. Within 60 days after: (i) the Effective Date; or (ii) all Claim Forms have been processed subject to the terms and conditions of this Agreement, whichever date is sooner, the Settlement Administrator shall cause funds to be distributed to each Class Member who is entitled to funds based on the selection made on their given Claim Form.

3.10    <u>Plan of Allocation</u>. It is the intention of the Parties to distribute to Settlement Class Members as much of the Settlement Fund as practicable. Accordingly, the Settlement Fund shall be used to make payments in the following order: (i) all Administrative Expenses (including applicable taxes, if any), (ii) Court-approved Fee Award and Costs and Service Awards (to be distributed as detailed in section 9.1), (iii) the costs of the credit monitoring services (iv) Approved Claims for approved Ordinary Losses and attested time (up to $1,000.00 per person); and (v) Approved Claims for approved Extraordinary Losses (up to $3,000.00 per person). The remaining amount is the Net Settlement Fund. The amount of the Alternative Cash Payments shall be the Net Settlement Fund divided by the number of Approved Claims submitted for that option. Any claims for Extraordinary or Ordinary Losses under section 3.3 that were rejected for that category will also be eligible for the Alternative Cash Payment under this formula, as opposed to being rejected outright.

3.11    <u>Deadline to Deposit or Cash Physical Checks</u>. Class Members with Approved Claims who receive payment by physical check, shall have 120 days following distribution to deposit or cash their benefit check.

3.12    <u>Residual Funds</u>. The Settlement plan of allocation is designed to exhaust the Settlement Fund. To the extent any monies remain in the Net Settlement Fund more than 120 days after the distribution of all payments described above to the Settlement Class Members, Administrative Expenses, Fee Award and Costs, Service Awards and Taxes, the amount remaining in the Net Settlement Fund, if any, shall be distributed to a *cy pres* consisting of one or more nonprofit organizations agreed to by the Parties and subject to the approval of the Court.

3.13    <u>Returned Payments</u>. For any Settlement Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make one additional effort to make any digital payments and engage in a reasonable efforts to find a valid address (in the case of physical checks) and resend the Settlement Payment within 30 days after the physical check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall make one attempt to repay or resend a Settlement Payment.

3.14    <u>Custody of Settlement Fund</u>. The Settlement Fund shall be deposited into the Settlement Escrow Account but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled. In the event

Doc ID: cea10c4e1b312142f395bf299b087942438cd45fa

this Settlement Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason, any amounts remaining in the Settlement Fund after payment of all Administrative Expenses incurred in accordance with the terms and conditions of this Agreement, including all interest earned on the Settlement Fund net of any Taxes, shall be returned to Defendant and/or its insurer, and no other person or entity shall have any further claim whatsoever to such amounts.

3.15    <u>Non-Reversionary</u>. This is a non-reversionary settlement. As of the Effective Date, all rights of Defendant and/or its insurer in or to the Settlement Fund shall be extinguished, except in the event the terms of this Settlement Agreement are modified or the Settlement Agreement is voided, cancelled, or terminated, as set forth herein. In the event the Effective Date occurs, no portion of the Settlement Fund shall be returned to Defendant and/or its insurers.

3.16    <u>Payment/Withdrawal Authorization</u>. No amounts from the Settlement Fund may be withdrawn unless (i) expressly authorized by the Court's order granting approval to the Settlement Agreement or (ii) approved by the Court. The Parties, by agreement, may authorize the periodic payment of actual reasonable Administrative Expenses from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Class Counsel and Defendant with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund before the Effective Date at least seven Business Days prior to making such withdrawal or payment.

3.17    <u>Payments to Settlement Class Members</u>. The Settlement Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer and/or oversee distribution of the Settlement Fund to Settlement Class Members pursuant to this Agreement.

3.18    <u>Taxes and Representations</u>. All Taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Taxes do not include any federal, state, and local tax owed by any Claimant, Class Representative, or Class Member as a result of any benefit or payment received as a result of the Settlement. Each Claimant, Class Representative, or Class Member shall be solely responsible for the federal, state, and local tax consequences of the receipt of funds from the Settlement Fund pursuant to this Agreement.

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

3.19    Limitation of Liability

(a)    Defendant and the Released Parties shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(b)    Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(c)    The Settlement Administrator shall indemnify and hold Class Counsel, the Settlement Class, Class Representatives, Defendant, the Released Parties, and Defendant's Counsel, harmless for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

## 4.    RELEASE

4.1    After the Release Effective Date, and in consideration of full payment of the Settlement Fund by Defendant described herein, each Class Representative and all Settlement Class Members identified in the Settlement Class list in accordance with Section 6.4 who have not submitted a timely and valid request to opt out of the

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

Settlement pursuant to this Agreement, on behalf of themselves, their heirs, assigns, executors, administrators, agents, partners, attorneys, predecessors, and successors, and any other person purporting to claim on their behalf shall be deemed to have released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims including, as to the Class Representatives only, any Unknown Claims (as defined below).

4.2    The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes that risk of such possible difference in facts and agrees that this Agreement shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

4.3    Waiver of California Civil Code Section 1542. Class Representatives hereby acknowledge that they may hereafter discover facts different from, or in addition to, those which they now claim or believe to be true with respect to the claims released herein ("Unknown Claims") and agree that this Agreement shall be and remain effective in all respects notwithstanding the discovery of such Unknown Claims. In furtherance of the releases given above, the Class Representatives hereby acknowledge that they are knowingly and voluntarily waiving their rights under Section 1542 of the California Civil Code and any equivalent or similar state law to the full extent that they may lawfully waive all such rights and benefits pertaining to the subject matter hereof, and that the consequences of such waiver have been explained to them by Class Counsel, the Parties acknowledge that they are familiar with the provisions of Cal. Civ. Code Section 1542, which provides:

(a)    **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

4.4    The Class Representatives further waive any and all rights and benefits afforded by South Dakota Code § 20-7-11, which provides as follows:

(a)    **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

4.5    Furthermore, Class Representatives  herein acknowledge that the effect and import of the provisions of Section 1542 of the California Civil Code, South Dakota Code

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

Section 20-7-11, and/or any other equivalent or similar federal or state law, have been explained to them by their own counsel. Plaintiffs further acknowledge and agree that their waiver of rights under Section 1542 of the California Civil Code, South Dakota Code Section 20-7-11, and/or any other equivalent or similar federal or state law, has been separately bargained for and are essential and material terms of this Settlement Agreement and, without such waiver, this Settlement Agreement would not have been entered into.

## 5. REQUIRED EVENTS AND COOPERATION BY PARTIES

5.1     <u>Preliminary Approval</u>. Class Counsel shall submit this Agreement to the Court and shall promptly move the Court to enter the Preliminary Approval Order, in the form attached as **Exhibit D**.

5.2     <u>Cooperation</u>. The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish all requirements of this Agreement on the schedule set by the Court, subject to the terms of this Agreement. If, for any reason, the Parties determine that the schedule set by the Court is no longer feasible, the Parties shall use their best judgment to amend the schedule to accomplish the goals of this Agreement.

5.3     <u>Certification of the Settlement Class</u>. For purposes of this Settlement only, Plaintiffs and Defendant stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Defendant reserves the right to contest class certification for all other purposes. Plaintiffs and Defendant further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

5.4     <u>Final Approval</u>. The Parties shall request that the Court schedule the Final Approval Hearing for a date that is no earlier than 120 days after the entry of the Preliminary Approval Order; and at least 90 days after the Settlement Administrator notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## 6. CLASS NOTICE, OPT OUTS, AND OBJECTIONS

6.1     Notice shall be disseminated pursuant to the Court's Preliminary Approval Order.

6.2     The Settlement Administrator shall oversee and implement the Notice Plan approved by the Court. All costs associated with the Notice Plan shall be paid from the Settlement Fund.

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

6.3    Direct Notice. No later than the Notice Date, or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate Notice to the Class Members. Notice of the settlement will be provided by Postcard Notice with a tear-off claim form, to the same list that were mailed notice of the Data Security Incident. If a notice is returned as undeliverable, then the Settlement Administrator will search for an updated address and resend the notice to the updated address. Re-mailed Postcard Notices and Reminder Notices will not extend any applicable deadlines (e.g., opt-out, objections, and claim deadlines). Any Reminder Notice will be paid for out of the Settlement Fund.

6.4    Settlement Class List. Within 10 Business Days after the issuance of the Preliminary Approval Order, Defendant will provide to the Settlement Administrator a list of the names and contact information of the Settlement Class Members that it has in its possession, custody, or control, and which have had confirmed deceased individuals removed. Everyone on the Settlement Class list will be provided with a unique identifier that they will be asked for when they submit claims. The Settlement Administrator will use the National Change of Address Registry to update the addresses on Class list prior to the initial mailing of Notice.

6.5    Confidentiality. Any information relating to Class Members provided to the Settlement Administrator pursuant to this Agreement shall be provided solely for the purpose of providing Notice to the Class Members (as set forth herein) and allowing them to recover under this Agreement; shall be kept in strict confidence by the Parties, their counsel, and the Settlement Administrator; shall not be disclosed to any third party; shall be destroyed after all distributions to Class Members have been made; and shall not be used for any other purpose. Moreover, because the Class Member list and information contained therein will be provided to the Settlement Administrator solely for purposes of providing the Class Notice and Settlement Benefits and processing requests to opt out, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with Class Counsel and Defendant's Counsel, and will ensure that any information provided to it by Class Members, Class Counsel, Defendant, or Defendant's Counsel, will be secure and used solely for the purpose of effecting this Settlement.

6.6    Fraud Prevention. The Settlement Administrator shall use reasonable and customary fraud-prevention mechanisms to prevent (i) submission of Claim Forms by persons other than Settlement Class Members, (ii) submission of more than one Claim Form per person, and (iii) submission of Claim Forms seeking amounts to which the claimant is not entitled. In the event a Claim Form is submitted without a unique Class Member identifier, the Settlement Administrator shall employ reasonable efforts to ensure that the claimant is a Settlement Class Member and the claim is valid. Anyone who has a good faith belief that they are a Class Member but did not receive the Postcard Notice will have a reasonable opportunity to provide proof that they are a Class Member.

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

6.7    <u>Settlement Website</u>. Following entry of the Preliminary Approval Order, but prior to any dissemination of the Postcard Notice and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the Internet in accordance with this Agreement. The Settlement Administrator shall create the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, the Final Approval Order and Judgment, and the operative Consolidated Class Action Complaint in the Action, and will (on its URL landing page) notify the Settlement Class of the date, time, and place of the Final Approval Hearing. The Settlement Website shall also provide the toll-free telephone number and mailing address through which Class Members may contact the Settlement Administrator directly. The Settlement Website shall also allow for submission of opt-out requests electronically through the Settlement Website.  The Settlement Website shall not include any advertising.

6.8    <u>Opt-Out</u>. The Notice shall explain that the procedure for Class Members to submit a request to opt out and exclude themselves from the Settlement Class is by notifying the Settlement Administrator in writing, postmarked no later than sixty (60) days after the Notice Date. Any Class Member may submit a request to opt out from the Settlement at any time during the Opt-Out Period. To be valid, the request to opt out must be postmarked on or before the end of the Opt-Out Period. In the event a Class Member submits a request to opt out via U.S. Mail, such request should be in writing and should identify the case (e.g., by writing "*Fetes, et al. v. Lee Enterprises, Inc.*, No. 3:25-cv-00067-SMR-SBJ"); state the name, address, telephone number and unique identifier of the Class Member seeking to opt out; be physically signed by the person(s) seeking to opt out; and should also contain a statement to the effect that "I hereby request to opt out from the proposed Settlement Class in '*Fetes, et al.  v. Lee Enterprises, Inc.*, No. 3:25-cv-00067-SMR-SBJ'" or substantially similar. Any person who elects to opt out of the Settlement Class shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any aspect of this Agreement. Requests to opt out may only be done on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt outs.  The Notice must state that any Settlement Class Member who does not file a timely request to opt out in accordance with this paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

6.9    <u>Objections</u>. The Notice shall explain that the procedure for Settlement Class Members to object to the Settlement is by submitting written objections to the Settlement Administrator, postmarked no later than sixty (60) days after the Notice Date or by appearing at the Final Approval Hearing and making an oral objection. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Settlement Class Member who wishes to object to the Settlement, the Settlement Benefits, Service

Doc ID: cea10c4e1b312142f395bf299b087942438cd45fa

Awards, and/or the Fee Award and Costs, or to appear at the Final Approval Hearing and show cause, if any, for why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a final Judgment should not be entered thereon, why the Settlement Benefits should not be approved, or why the Service Awards and/or the Fee Award and Costs should not be granted, may do so, but must proceed as set forth in this paragraph. All written objections and supporting papers should clearly (a) state the Settlement Class Member's full name, current mailing address, unique identifier of the Settlement Class Member, and telephone number; (b) include proof that the Settlement Class Member is a member of the Settlement Class (e.g., copy of the Settlement Notice, copy of the original notice of the Data Security Incident); (c) identify the specific factual and legal grounds for the objection; (d) identify all counsel representing the Settlement Class Member, if any; (e) include a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past five (5) years; (f) contain a statement regarding whether the Settlement Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing; and (g) the signature of the objector. All objections must be emailed or postmarked to the Settlement Administrator on or before the Objection Deadline, as set forth above. Any Settlement Class Member who does not make their objections in the manner and by the date set forth in this paragraph shall be deemed to have waived any objections and shall be forever barred from raising such objections.

6.10    Changes to Hearing. If the date and/or location of the Final Approval Hearing are changed after being initially set, then the Settlement Administrator will provide notice to the Settlement Class by updating the Settlement Website with the updated date and/or location.

6.11    Notice of Final Judgement. The Settlement Administrator will provide notice of any final Judgment by updating the Settlement Website.

**7.    SETTLEMENT ADMINISTRATION**

7.1    Submission of Claims.

(a)    Submission of Electronic and Hard Copy Claims. Class Members may submit electronically verified Claim Forms to the Settlement Administrator through the Settlement Website or may download Claim Forms to be filled out, signed, and submitted physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline. The Settlement Administrator shall reject any Claim Forms that are incomplete, inaccurate, or not timely received and will provide Claimants notice and the ability to cure defective claims, unless otherwise noted in this Agreement.

Doc ID: cea10c4e1b312142f395bf299b087942438cd45fa

  (b) <u>Review of Claim Forms</u>. The Settlement Administrator will review Claim Forms submitted by Class Members to determine whether they are eligible for a Settlement Payment.

7.2 <u>Settlement Administrator's Duties</u>.

  (a) <u>Cost Effective Claims Processing</u>. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner, and calculate Settlement Payments in accordance with this Agreement.

  (b) <u>Dissemination of Notices</u>. The Settlement Administrator shall disseminate Notices pursuant to the Notice Plan as provided for in this Agreement.

  (c) <u>Maintenance of Records</u>. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement, as well as a declaration or sworn statement regarding its activities and administration of the Settlement. Without limiting the foregoing, the Settlement Administrator also shall:

    (i) Receive requests to opt out from Settlement Class Members and provide Class Counsel and Defendant's Counsel a copy thereof no later than five days following the deadline for submission of the same. If the Settlement Administrator receives any requests to opt out, objections, or other requests from Settlement Class Members after expiration of the Opt-Out Period, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

    (ii) Provide weekly reports to Class Counsel and Defendant's Counsel that include, without limitation, reports regarding the number of requests to opt out, objections, Claim Forms received, the number of Claim Forms approved by the Settlement Administrator, the amount of Claims Forms received (including a breakdown of what types of claims were received and approved), and the categorization and description of Claim Forms rejected by the Settlement Administrator. The Settlement Administrator shall also, as requested by Class Counsel or Defendant's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

(iii)  Make available for inspection by Class Counsel and Defendant's Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice; and

(iv)  Cooperate with any audit by Class Counsel or Defendant's Counsel, who shall have the right, but not the obligation, to review, audit, and evaluate all Claim Forms for accuracy, veracity, completeness, and compliance with the terms and conditions of this Agreement.

7.3    <u>Requests For Additional Information</u>: In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Class Member who submits a Claim Form.

## 8.    SERVICE AWARDS

8.1    Class Representatives and Class Counsel may seek Service Awards to the Class Representatives of up to $1,000.00 per Class Representative. Class Counsel may file the motion for a Fee Award, Costs, and Service Awards on or before 14 days before the Objection Deadline. The motion for Service Awards shall be posted on the Settlement Website.

8.2    The Settlement Administrator shall pay the Service Awards approved by the Court to the Class Representatives from the Settlement Fund. Such Service Awards shall be paid by the Settlement Administrator, in the amount approved by the Court, pursuant to the same deadline as the distribution of funds to Class Members, as provided for in Section 3.

8.3    In the event the Court declines to approve, in whole or in part, the payment of the Service Award in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Award shall constitute grounds for cancellation or termination of this Agreement.

8.4    The Parties did not discuss or agree upon the maximum amount of Service Awards for which Class Representatives can apply for, until after the substantive terms of the Settlement had been agreed upon.

## 9.    ATTORNEYS' FEES, COSTS, AND EXPENSES

9.1    Class Counsel will file a motion seeking an award of attorney fees of up to one-third of the Settlement Fund (i.e., $200,000.00) and reasonable costs and expenses no later than fourteen (14) days prior to the Objection Deadline. The motion for the Fee Award, Costs, and Service Awards shall be posted on the Settlement Website. The Settlement Administrator shall pay any Fee Award and Costs awarded by the Court to Class Counsel in the amount approved by the Court, from the Settlement

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

Fund, pursuant to the same deadline as the distribution of funds to Class Members, as provided for in Section 3.

9.2    Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst all Plaintiffs' counsel.

9.3    The Settlement is not conditioned upon the Court's approval of an award of Class Counsel's Fee Award and Costs. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Fee Award and Costs shall constitute grounds for cancellation or termination of this Agreement.

9.4    Defendant reserves the right to challenge or object to Plaintiffs' requested Fee Award and Costs.

## 10.    EFFECTIVE DATE, MODIFICATION, AND TERMINATION

10.1    <u>Effective Date</u>: The Effective Date of the Settlement shall be thirty (30) days from the date on which all appellate rights with respect to the Final Approval Order have expired or have been exhausted in such a manner as to affirm the Final Approval Order and Judgment, and when no further appeals are possible, including review by the United States Supreme Court.

10.2    Modification:  In the event the terms or conditions of this Settlement Agreement are materially modified by any court, the Parties will promptly meet and confer regarding the material modification to determine if the Agreement can be amended to address the material modification.  If the Parties cannot agree on a means to address the material modification after good faith meet and confer efforts, any Party, in its sole discretion, to be exercised within fourteen (14) days after exhaustion of such meet and confer efforts, may declare this Settlement Agreement null and void. In the event of a material modification by any court, and in the event the Parties do not exercise their unilateral options to terminate this Settlement Agreement pursuant to this Section 10.2, the Parties shall meet and confer within seven days of such ruling to attempt to reach an agreement as to how best to effectuate the court-ordered modification. For the avoidance of doubt, a "material modification" shall mean any modification that substantially restricts or limits a Party's rights and includes any restriction or limitation in substance or scope of the Releases or the Termination provisions provided in this Agreement.  It is understood and acknowledged that a "material modification" shall not include any reduction by the Court of the Fee Award and Costs and/or the Service Awards.

10.3    <u>Termination</u>: Defendant's willingness to settle the Action on a class-action basis and to agree to the accompanying certification of the Settlement Class is dependent upon achieving finality and the desire to avoid the expense of this and other litigations, except to the extent certain individual lawsuits are expressly preserved under Section 6.8. Consequently, notwithstanding anything stated herein, Defendant has the right

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement if any of the following conditions subsequently occur:

(a)    the Parties fail to obtain and maintain preliminary approval of the proposed Settlement of the claims of the Settlement Class;

(b)    any court requires Defendant to comply with obligations or requirements that are greater than or materially different from the requirements set forth in this Settlement Agreement;

(c)    the Court fails to enter a Final Approval Order;

(d)    the settlement is not upheld on appeal, including review by the United States Supreme Court;

(e)    the Effective Date does not occur for any reason, including but not limited to the entry of an order by any court that would require either material modification or termination of the Settlement Agreement;

(f)    the Defendant's insurer or insurers refuse to or otherwise fail to fund in full the Settlement Fund subject to the exhaustion of the self-insured retention, if the Defendant gives notice of the termination of this Settlement Agreement within ten (10) days after the deadline for funding; or

(g)    If more than 500 Settlement Class Members submit valid Opt-Out requests, and Defendant exercises its unilateral right to terminate this Settlement Agreement by providing seven (7) days written notice of termination to Settlement Class Counsel.

10.4    If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Parties to this Agreement, including member of the Settlement Class shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Agreement, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered. In addition, the Parties agree that in the event the Settlement is terminated, any orders entered pursuant to the Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses. In addition, all negotiations, proceedings, and documents prepared, and statements made in connection with the Settlement Agreement, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

10.5    Notwithstanding any provision of this Agreement, in the event this Agreement is not approved by any court, or terminated for any reason, or the Settlement set forth

25

in this Agreement is declared null and void, or in the event that the Effective Date does not occur, Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any of the Administrative Expenses, or any expenses, including costs of Notice and administration associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs.

## 11.    NO ADMISSION OF WRONGDOING OR LIABILITY

11.1    This Agreement, whether or not consummated, any communications and negotiations relating to this Agreement or the Settlement, and any proceedings taken pursuant to the Agreement:

(a)    shall not be offered or received against the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Released Parties with respect to the truth of any fact alleged by any Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of the Released Parties;

(b)    shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties;

(c)    shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, breach of duty, or wrongdoing, or in any way referred to for any other reason as against the Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)    shall not be construed against the Released Parties as an admission or concession that the consideration to be given hereunder represents the relief that could be or would have been awarded after trial; and

(e)    shall not be construed as or received in evidence as an admission, concession or presumption against the Class Representatives or any Class Member that any of their claims are without merit, or that any defenses asserted by the Released Parties have any merit.

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

## 12.    REPRESENTATIONS

12.1    Each Party represents that: (i) such Party has full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval; (ii) the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party; (iii) this Agreement constitutes a valid, binding, and enforceable agreement; and (iv) no consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

## 13.    NOTICE

13.1    All notices to Class Counsel provided for in this Agreement shall be sent by email (to all email addresses set forth below) and by First-Class mail to all of the following:

> **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
> Gary M. Klinger
> 227 W. Monroe Street, Suite 2100
> Chicago, IL 60606
> Phone: (866) 252-0878
> gklinger@milberg.com

> **SHAMIS & GENTILE, P.A.**
> Leanna A. Loginov
> 14 NE 1st Ave, Suite 705
> Miami, FL 33132
> Tel: (305) 479-2299
> lloginov@shamisgentile.com

> **KOPELOWITZ OSTROW, P.A.**
> Jeff Ostrow
> 1 W. Las Olas Blvd
> Fort Lauderdale, FL 33301
> Tel: (954) 525-4100
> ostrow@kolawyers.com

13.2    All notices to Defendant or Defendant's Counsel provided for in this Agreement shall be sent by email and First-Class mail to the following:

> **TROUTMAN PEPPER LOCKE LLP**
> Angelo A. Stio III
> Melissa A. Chuderewicz
> 104 Carnegie Center, Suite 203

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

Princeton, NJ 08540
Tel : (609) 452-0808
Angelo.stio@troutman.com
Melissa.chuderewicz@troutman.com

and

**LANE & WATERMAN LLP**
Joshua J. McIntyre, AT0011426
220 North Main Street, Suite 600
Davenport, IA 52801
Telephone: 563-324-3246
Email: JMcIntyre@l-wlaw.com

13.3    All notices to the Settlement Administrator provided for in this Agreement shall be sent by email and First-Class mail to the Settlement Administrator.

13.4    The notice recipients and addresses designated in this Section may be changed by written notice agreed to by the Parties and posted on the Settlement Website.

## 14.    MISCELLANEOUS PROVISIONS

14.1    <u>Representation by Counsel</u>. The Class Representatives and Defendant represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

14.2    <u>Best Efforts</u>. The Parties agree that they will make all reasonable efforts needed to satisfy the preconditions for and reach the Effective Date and fulfill their obligations under this Agreement.

14.3    <u>Contractual Agreement</u>. The Parties understand and agree that all terms of this Agreement, including the Exhibits thereto, are contractual and are not a mere recital, and each signatory warrants that he, she, they or it is/are competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that they or it represents.

14.4    <u>Integration</u>. This Agreement constitutes the entire agreement among the Parties and no representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.

14.5    <u>Drafting</u>. The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof. This Settlement Agreement is a collaborative effort of the Parties and their attorneys that was negotiated on an arm's-length basis

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

between parties of equal bargaining power. Accordingly, this Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Parties. The Parties expressly waive any otherwise applicable presumption(s) that uncertainties in a contract are interpreted against the party who caused the uncertainty to exist.

14.6    <u>Modification or Amendment</u>. This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the persons who executed this Agreement or their successors-in-interest or as otherwise specifically set forth in this Agreement.

14.7    <u>Waiver</u>. The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

14.8    <u>Severability</u>. Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

14.9    <u>Successors</u>. This Settlement Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the Parties thereto.

14.10   <u>Survival</u>. The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

14.11   <u>Governing Law</u>. All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of Iowa, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

14.12   <u>Interpretation</u>.

(a)    Definitions apply to the singular and plural forms of each term defined.

(b)    Definitions apply to the masculine, feminine, and neuter genders of each term defined.

(c)    Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

14.13   <u>Fair and Reasonable</u>. The Parties and their counsel believe this Agreement is a fair and reasonable compromise of the disputed claims and is in the best interest of the

29

Parties, and have arrived at this Agreement as a result of arm's-length negotiations with the assistance of an experienced mediator.

14.14  Retention of Jurisdiction. The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement.

14.15  Headings. Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

14.16  Exhibits. The exhibits to this Agreement and any exhibits thereto are an integral and material part of the Settlement. The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

14.17  Counterparts and Signatures. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts. Digital signatures shall have the same force and effect as the original.

14.18  Facsimile and Electronic Mail. Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

14.19  No Assignment. Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title or interest in or to any of the Released Claims.

14.20  Deadlines. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next Business Day. All reference to "days" in this Agreement shall refer to calendar days, unless otherwise specified. The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

14.21  Dollar Amounts. All dollar amounts are in United States dollars, unless otherwise expressly stated.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by their duly authorized counsel:

| | Dated: December 15, 2025 |
|---|---|

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

| | |
|---|---|
| Dated: _____<br><br>For Defendant Lee Enterprises, Incorporated<br><br>_____<br><br>Angelo A. Stio III<br>**TROUTMAN PEPPER LOCKE LLP** | For Plaintiffs and Class Members<br><br>  s/ Gary M. Klinger<br>_____<br>Gary M. Klinger<br>**MILBERG COLEMAN BRYSON**<br>**PHILLIPS GROSSMAN, PLLC**<br><br>  s/ Leanna A. Loginov<br>_____<br>Leanna A. Loginov<br>**SHAMIS & GENTILE, P.A.**<br><br>  s/ Jeff Ostrow<br>_____<br>Jeff Ostrow<br>**KOPELOWITZ OSTROW, P.A.** |

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

| | |
|---|---|
| Dated: _12/9/25_<br><br>For Defendant Lee Enterprises, Incorporated<br><br>_____<br>Angelo A. Stio III<br>**TROUTMAN PEPPER LOCKE LLP** | For Plaintiffs and Class Members<br><br>_____<br>Gary M. Klinger<br>**MILBERG COLEMAN BRYSON<br>PHILLIPS GROSSMAN, PLLC**<br><br>_____<br>Leanna A. Loginov<br>**SHAMIS & GENTILE, P.A.**<br><br>_____<br>Jeff Ostrow<br>**KOPELOWITZ OSTROW, P.A.** |

Lee Enterprises, Incorporated

Dated: December 9, 2025
_____

_____
Astrid Garcia, Vice-President
Human Resources & Legal
Chief Legal Officer

Class Representatives:

Dated: _____

_____
Sarah Fetes

Dated: _____

_____
Anthony Bangert

Dated: _____

_____
Declan Lawson

Dated: _____

_____
Nicole Church

Dated: _____

_____
Douglas Arp

Dated: _____

_____
Briar Napier

Lee Enterprises, Incorporated

Dated: _____                    _____
                                                                  [Name and Title]

Class Representatives:

Dated: 12 / 09 / 2025                             _____
                                                                  Sarah Fetes

Dated: Dec 9, 2025                                _____
                                                 Anthony Bangert (Dec 9, 2025 12:03:01 CST)
                                                                  Anthony Bangert

Dated: 15/12/2025                                 _____
                                                 (Dec 15, 2025 12:00:54 MST)
                                                                  Declan Lawson

Dated: Dec 8, 2025                                _____
                                                 Nicole Marie Church (Dec 8, 2025 18:21:07 CST)
                                                                  Nicole Church

Dated: 12 / 09 / 2025                             _____
                                                                  Douglas Arp

Dated: 12-11-25                                   _____
                                                                  Briar Napier

32

Doc ID: cea10c4e1b312142f395bf299b087942438c45fa

# **<u>EXHIBIT A</u>**

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**

**[Claims Deadline]**
</td><td>

***Fetes, et al. v. Lee Enterprises, Inc.***
Case No. 3:25-cv-00067-SMR-SBJ
United States District Court for the Southern District of Iowa

**DATA SECURITY INCIDENT SETTLEMENT CLAIM FORM**
</td><td>

**Your claim must be submitted online or postmarked by:**

**[Claims Deadline]**
</td></tr>
</table>

## GENERAL INSTRUCTIONS

**Who is eligible to file a claim?** The court has defined the Class this way: "All persons identified as being among those individuals impacted by the Data Security Incident, including all who were sent a notice of the Data Security Incident."

**Excluded from the Settlement Class** are: (1) the Judge(s) presiding over the Action and members of their immediate families and their staff; (2) Lee Enterprises, Incorporated ("Lee Enterprises") and its subsidiaries, parent companies, successors, predecessors, and any entity in whichLee Enterprises, has a controlling interest; (3) natural persons who properly execute and submit a request to opt out prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

<u>**COMPLETE THIS CLAIM FORM IF YOU ARE A CLASS MEMBER AND WISH TO RECEIVE ONE OR MORE OF THE FOLLOWING SETTLEMENT BENEFITS**</u>

## AVAILABLE BENEFITS

All Settlement Class Members may claim **Credit Monitoring**, and either an **Alternative Cash Payment OR <u>one</u>** of the **Compensation Cash Payment** options:

<table>
<tr><td>

**<u>OPTION A</u>:**
- Compensation for Ordinary Losses
- Compensation for Lost Time
</td><td>

***OR***
</td><td>

**<u>OPTION B</u>:**
- Compensation for Extraordinary Losses
</td></tr>
</table>

**CREDIT MONITORING SERVICES.** All Settlement Class Members are eligible to enroll in one year of CyEx Financial Shield Total with three bureaus. This comprehensive service comes with $1 million of financial fraud insurance, and includes monitoring for:

- fraud or identity theft
- unauthorized financial transactions
- personal information associated with high-risk transactions

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.



**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

<table>
<tr><td>

**Your claim must<br>be submitted<br>online or<br>postmarked by:<br>[Claims Deadline]**

</td><td>

*Fetes, et al. v. Lee Enterprises, Inc.*<br>Case No. 3:25-cv-00067-SMR-SBJ<br>United States District Court for the Southern District of Iowa<br><br>**DATA SECURITY INCIDENT SETTLEMENT CLAIM FORM**

</td><td>

**Your claim must<br>be submitted<br>online or<br>postmarked by:<br>[Claims Deadline]**

</td></tr>
</table>

**CASH PAYMENTS.** Settlement Class Members may claim payments from *either* Option A or Option B.

**OPTION A**

**Compensation for Ordinary Losses (out-of-pocket expenses).** If you incurred actual, <u>documented</u> out-of-pocket expenses due to the Data Security Incident, you can get back up to **$1,000.00**. The losses must have occurred between June 1, 2025 and [Claims Deadline].

This benefit covers out-of-pocket expenses like:

- fees for credit reports or credit monitoring
- bank fees, long distance phone charges, cell phone changes (only if charged based on the amount of the data used) postage to contact banks by mail
- gasoline for local travel

You need to send proof, like receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim. Your proof or notes should show that your expenses were because of the Data Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

**Compenation for Lost Time.** Class Members who spent time responding to the Security Incident may claim up to four hours, at $20.00 per hour, for a maximum of **$80.00**.

You must have spent the time on tasks related to the Data Incident. Some examples include things like:

- changing your passwords
- investigating suspicious activity in your accounts
- researching the Data Incident

You do not need to describe how you spent this time.

**OPTION B**

**Compensation for Extraordinary Losses (losses from identity theft or fraud).** If you lost money because of identity theft or fraud, you can get back up to **$3,000.00**.

You will need to show that:

- the theft or fraud was probably caused by the Data Security Incident
- the losses are not already covered by **Ordinary Losses**
- you tried to prevent the loss or get your money back, such as by using insurance you already have

The losses must have occurred betweenJune 1, 2025, and [Claims Deadline].

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**



<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**

[Claims Deadline]
</td><td>

*Fetes, et al. v. Lee Enterprises, Inc.*
Case No. 3:25-cv-00067-SMR-SBJ
United States District Court for the Southern District of Iowa

**DATA SECURITY INCIDENT SETTLEMENT CLAIM FORM**
</td><td>

**Your claim must be submitted online or postmarked by:**

[Claims Deadline]
</td></tr>
</table>

You need to send proof, like receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim. Your proof or notes should show that your expenses were because of the Security Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

**Alternative Cash Payment.** In lieu of the benefits in Option A or Option B, you may claim a one-time *pro rata* cash payment. The value of the Alternative Cash Payment is estimated to be approximately **$35.00**.

You do not have to provide any proof or explanation to claim this payment.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  Lee Enterprises Data Security Incident Settlement
            c/o Settlement Administrator
            [PO Box Number]
            Santa Ana, CA 92799-9958

**THE MOST EFFICIENT WAY TO SUBMIT YOUR CLAIMS IS ONLINE USING YOUR UNIQUE LOGIN ID AND PIN AT www.[SettlementWebsite].com**

You may also print out and complete this Claim Form, and submit it by U.S. mail.

**You must submit your Claim Form online or by mail no later than [Claims Deadline].**



<table>
<tr><td>
**Your claim must<br>be submitted<br>online or<br>postmarked by:<br>[Claims Deadline]**
</td><td>

*Fetes, et al. v. Lee Enterprises, Inc.*
Case No. 3:25-cv-00067-SMR-SBJ
United States District Court for the Southern District of Iowa

**DATA SECURITY INCIDENT SETTLEMENT CLAIM FORM**

</td><td>
**Your claim must<br>be submitted<br>online or<br>postmarked by:<br>[Claims Deadline]**
</td></tr>
</table>

## I.  CLASS MEMBER NAME AND CONTACT INFORMATION

Print your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this claim form.  All fields are required. **Please print legibly.**

First Name

Last Name

Street Address

City

State

Zip Code

Email Address

Phone Number

Login ID (if known)

## II. CREDIT MONITORING SERVICES

☐ Check this box if you would like to enroll in one year of three-bureau Credit Monitoring Services from CyEx Financial Shield Total.

## III. COMPENSATION FOR ORDINARY LOSSES

☐ Check this box if you would like to claim reimbursement for <u>documented</u> out-of-pocket expenses. You can get back up to $1,000.00. **DO NOT CLAIM THIS BENEFIT IF YOU ARE CLAIMING PAYMENTS FROM SECTION V.**

*Please complete the table below, describing the supporting documentation you are submitting.*

| *Description of Documentation Provided* | *Amount* |
|---|---|
| *Example: Fee for credit report* | *$40* |
| | |
| | |
| | |
| | |
| **TOTAL CLAIMED:** | |

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**



<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**

[**Claims Deadline**]
</td><td>

***Fetes, et al. v. Lee Enterprises, Inc.***
Case No. 3:25-cv-00067-SMR-SBJ
United States District Court for the Southern District of Iowa

**DATA SECURITY INCIDENT SETTLEMENT CLAIM FORM**
</td><td>

**Your claim must be submitted online or postmarked by:**

[**Claims Deadline**]
</td></tr>
</table>

## IV. COMPENSATION FOR LOST TIME

If you spent time fixing problems caused by Data Security Incident, please select how many hours (up to four) you spent. **DO NOT CLAIM THIS BENEFIT IF YOU ARE CLAIMING PAYMENTS FROM SECTION V.**

I spent (select only **one**):  ☐ 1 hour ($20.00)   ☐ 2 hours ($40.00)   ☐ 3 hours ($60.00)

☐ 4 hours ($80.00)

☐ By checking this box I swear and affirm that I spent the amount of time identified responding to the Data Security Incident that impacted Lee Enterprises, Inc. (**Required.**)

## V. COMPENSATION FOR EXTRAORDINARY LOSSES

☐ Check this box if you would like to claim reimbursement for <u>documented</u> losses due to identity theft or fraud. You can get back up to $3,000.00. **DO NOT CLAIM THIS BENEFIT IF YOU ARE CLAIMING PAYMENTS FROM SECTION III OR IV.**

*Please complete the table below, describing the supporting documentation you are submitting.*

| Description of Documentation Provided | Amount |
|---|---|
| *Example: Unauthorized bank transfer* | *$500* |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
| **TOTAL CLAIMED:** |  |

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

## VI. ALTERNATIVE CASH PAYMENT

☐ Check this box if you want to claim a one-time *pro rata* cash payment. The value of the Alternative Cash Payment is estimated to be approximately **$35.00**. **DO NOT CLAIM THIS BENEFIT IF YOU ARE CLAIMING PAYMENTS FROM SECTIONS III-V.**

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**



**Your claim must be submitted online or postmarked by: [Claims Deadline]**

***Fetes, et al. v. Lee Enterprises, Inc.***
Case No. 3:25-cv-00067-SMR-SBJ
United States District Court for the Southern District of Iowa

**DATA SECURITY INCIDENT SETTLEMENT CLAIM FORM**

**Your claim must be submitted online or postmarked by: [Claims Deadline]**

## VII. PAYMENT SELECTION

Please select **one** of the following payment options, which will be used if you are claiming a cash payment.

☐ **PayPal**
Email address, if different than you provided in Section 1:_____

☐ **Venmo**
Mobile number, if different than you provided in Section 1:_____

☐ **Zelle**
Email address or mobile number, if different than you provided in Section 1:_____

☐ **Virtual Prepaid Card**
Email address, if different than you provided in Section 1:_____

☐ **Physical Check**
Payment will be mailed to the address provided in Section 1.

## VII. ATTESTATION & SIGNATURE

I swear and affirm on penalty of perjury that the information provided in this Claim Form, including supporting documentation, is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

_____     _____     _____
Signature                                    Printed Name                              Date



# **EXHIBIT B**

Lee Enterprises Data Security Incident
Settlement
c/o Settlement Administrator
P.O. Box _____

**First-Class**
Mail
US Postage
Paid
Permit #__

***Fetes, et al. v. Lee Enterprises, Inc.***
Case No. 3:25-cv-00067-SMR-SBJ

**IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE FEBRUARY 2025 <u>LEE ENTERPRISES, INC.</u> DATA SECURITY INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS AND ENTITLE YOU TO BENEFITS AND A <u>CASH PAYMENT</u>.**

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «LoginID» - «MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

*A court has authorized this Notice.*

*This is <u>not</u> a solicitation from a lawyer.*

*You are <u>not</u> being sued.*

**THIS NOTICE IS ONLY A SUMMARY.
VISIT WWW.[SETTLEMENTWEBSITE].COM
OR SCAN THIS QR CODE
FOR COMPLETE INFORMATION.**



## Why am I receiving this notice?

A Settlement has been reached with Lee Enterprises, Incorporated ("Lee Enterprises") in a class action lawsuit ("Settlement"). The case is about the cybersecurity incident that Lee Enterprises experienced in February 2025 (the "Data Security Incident"). Files containing Private Information may have been accessed. Lee Enterprises denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement is available online at [settlement website].

## Who is included in the Settlement?

The Court has defined the class as: "All persons identified as being among those individuals impacted by the Data Security Incident, including all who were sent a notice of the Data Security Incident."

The Court has appointed experienced attorneys, called "Class Counsel," to represent the Class.

## What are the Settlement benefits?

You can claim one year of **Credit Monitoring** and a one-time *pro rata* **Alternative Cash Payment, estimated to be approximately $35** or **one** of two cash payment options. **Option A:** If you have documented out-of-pocket losses you can get back up to **$1,000**. If you spent time fixing problems caused by this incident, you can get back $20/hour for up to four hours (up to **$80**).

**Option B:** *Instead of Option 1, you can get* back up to **$3,000** for fraud or identity theft losses. Full details and instructions are available online and in the Long Form Notice.

## How do I receive a benefit?

If you are claiming out-of-pocket expenses or losses for identity theft/fraud, file all of your claims online. Otherwise, you may fill out the Claim Form below. Tear at perforation, and return by U.S. Mail. Postage is already paid. For a full paper Claim Form call **1-XXX-XXX-XXXX**. **Claims must be submitted online or postmarked by [Claims Deadline]**.

## What if I don't want to participate in the Settlement or do not like it?

If you do not want to be part of the Settlement, you must opt-out by **[Opt-Out Deadline]** or you will not be able to sue Lee Enterprises for the claims made in *this* lawsuit. If you opt-out, you cannot get make a claim for benefits from this Settlement. If you want to object to the Settlement, you may file an objection by **[Objection Deadline].** The Long Form Notice and Settlement Agreement, available online, explain how to exclude yourself or object.

## When will the Court approve the Settlement?

The Court will hold a hearing in this case on **[FA Hearing Date]** at the **[Court Address]**, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorneys' fees and costs of up to $200,000, and $1,000 as a service award for each of the Class

www.[SettlementWebsite].com

Representatives. You may attend the hearing at your own cost, but you do not have to.

Case 3:25-cv-00007-SMR-SBJ Document 35-3 Filed 12/17/25 Page 46 o



**BUSINESS REPLY MAIL**
FIRST-CLASS MAIL     PERMIT NO 47     COSTA MESA CA

POSTAGE WILL BE PAID BY ADDRESSEE

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**Lee Enterprises Data Security Incident Settlement**
**c/o Settlement Administrator**
**P.O. Box [PO Box Number]**
**Santa Ana, CA  92799-9958**

《First1》 《Last1》
《Addr1》 《Addr2》
《City》, 《St》 《Zip》

*Complete this Claim Form, tear at perforation, and return by U.S.*
*Mail no later than [Claims Deadline].*

Login ID: 《LoginID》
PIN: 《PIN》

*Only one Claim Form per Class Member.*

**INSTRUCTIONS:** Use this card to submit your claim for one year of **Credit Monitoring Services**, **Lost Time**, or the $35.00 **Alternative Cash Payment**. To claim cash payments for out-of-pocket expenses or losses from identity theft or fraud visit the settlement website at **www.[SettlementWebsite].com.** To request a full paper Claim Form, call **1-XXX-XXX-XXXX.**

☐ Check this box to enroll in one year of **Credit Monitoring Services** from CyEx Financial Shield Total.

☐ Check this box to claim **Compensation for Lost Time**.

I spent (select only **one**):  ☐ 1 hour ($20)  ☐ 2 hours ($40)  ☐ 3 hours ($60)  ☐ 4 hours ($80)

☐ By checking this box I swear and affirm that I spent the amount of time identified responding to the Data Security Incident that impacted Lee Enterprises, Incorporated. (**Required.**)

☐ If you do not wish to claim Lost Time, check this box to claim a one-time *pro rata* **Alternative Cash Payment**. The value of the Alternative Cash Payment is estimated to be approximately $35.00.

How would you like to be paid:

Check **one**:  ☐ PayPal  ☐ Venmo  ☐ Zelle  ☐ Virtual Prepaid Card  ☐ Check (sent to above address)

For digital payment options, please **PRINT** your email address
**LEGIBLY** on the line below and doublecheck that it is correct: _____

# EXHIBIT C

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Fetes, et al. v. Lee Enterprises, Inc.*
Case No. 3:25-cv-00067-SMR-SBJ
United States District Court for the Southern District of Iowa

**IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE FEBRUARY 2025 LEE ENTERPRISES, INCORPORATED, DATA SECURITY INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS,**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
***Please read this Notice carefully and completely.***

- A Settlement has been reached with Lee Enterprises, Incorporated ("Lee Enterprises" or "Defendant") in a class action lawsuit. This case is about the cybersecurity incident  that Lee Enterprises experienced in February 2025 (the "Data Security Incident"). Certain files that contained Private Information may have been accessed. These files may have contained personal information such as names , Social Security numbers and medical information.

- The lawsuit is called *Fetes, et al. v. Lee Enterprises, Inc.*, Case No. 3:25-cv-00067-SMR-SBJ. It is pending in the United States District Court for the Southern District of Iowa (the "Litigation").

- Lee Enterprises denies that it did anything wrong, and the Court has not decided who is right.

- The parties have agreed to settle the lawsuit (the "Settlement") to avoid the costs and risks, disruptions, and uncertainties of continuing the Litigation.

- Lee Enterprises' records indicate that you are a Settlement Class Member, and entitled to benefits under the Settlement. You may have received a previous notice directly from Lee Enterprises.

- Your rights are affected whether you act or don't act. ***Please read this Notice carefully and completely.***

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive benefits or payments from this Settlement is by submitting a valid and timely Claim Form.<br><br>The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. | **_____, 2025** |
| **OPT-OUT OF THE SETTLEMENT** | You can choose to opt-out of the Settlement and receive no Cash Payment or Credit Monitoring. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. You can hire your own lawyer at your own expense. | **_____, 2025** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt-out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for Settlement Class Member benefits. | **_____, 2025** |
| **DO NOTHING** | Unless you opt-out of the Settlement, you are automatically part of the Settlement. If you do nothing, you will not receive benefits or payments from this Settlement. You will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved and released by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION .................................................................................. 3
WHO IS IN THE SETTLEMENT ...................................................................... 4
THE SETTLEMENT BENEFITS........................................................................ 4
SUBMITTING A CLAIM FORM FOR SETTLEMENT BENEFITS ............................... 6
THE LAWYERS REPRESENTING YOU ............................................................ 7
OPTING OUT FROM THE SETTLEMENT .......................................................... 7
COMMENTING ON OR OBJECTING TO THE SETTLEMENT.................................. 8
THE COURT'S FINAL APPROVAL HEARING ..................................................... 9
IF I DO NOTHING........................................................................................ 9
GETTING MORE INFORMATION .................................................................... 10

# Basic Information

## 1. Why was this Notice issued?

The United States District Court for the Southern District of Iowa, authorized this Notice. You have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is called *Fetes, et al. v. Lee Enterprises, Inc.*, Case No. 3:25-cv-00067-SMR-SBJ. It is pending in the United States District Court for the Southern District of Iowa. The people that filed this lawsuit are called the "Plaintiffs" (or "Class Representatives") and the company they sued, Lee Enterprises, Incorporated, is called the "Defendant."

## 2. What is this lawsuit about?

This lawsuit alleges that during a cybersecurity incident that Lee Enterprises experienced in February 2025 , certain files that contained Private Information may have been  accessed. These files may have contained personal information such as names,Social Security numbers and medical information.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are called the "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the lawsuit for all Class Members, except for those who opt out from the settlement. In this proposed Settlement, the Class Representatives are Sarah Fetes; Anthony Bangert; Declan Lawson; Nicole Church; Douglas Arp; and Briar Napier. Everyone included in this Action are the  Settlement Class Members.

3

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com

## 4. Why is there a Settlement?

The Court did not decide whether the Plaintiffs or the Defendant are right. Both sides have agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Settlement Class Members to receive benefits from the Settlement. The Plaintiffs and their attorneys think the Settlement is best for all Settlement Class Members.

# Who is in the Settlement?

## 5. Who is included in the Settlement?

The court has defined the Settlement Class this way: "All persons identified as being among those individuals impacted by the Data Security Incident, including all who were sent a notice of the Data Security Incident."

## 6. Are there exceptions to being included?

Yes. Excluded from the Class are: (1) the Judge(s) presiding over the Action and members of their immediate families and their staff; (2) Lee Enterprises and its subsidiaries, parent companies, successors, predecessors, and any entity in whichLee Enterprises, has a controlling interest; (3) natural persons who properly execute and submit a request to opt out prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

If you are not sure whether you are a Settlement Class Member, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  Lee Enterprises Data Security Incident Settlement
       c/o Settlement Administrator
       [PO Box Number]
       Santa Ana, CA 92799-9958

You may also view the Settlement Agreement at www.[SettlementWebsite].com.

# The Settlement Benefits

## 7. What does the Settlement provide?

All Settlement Class Members may claim **Credit Monitoring**, and either  an **Alternative Cash Payment OR one** of the **Compensation Cash Payment** options:

| OPTION A: | | OPTION B: |
|---|---|---|
| • Compensation for Ordinary Losses<br>• Compensation for Lost Time | *OR* | • Compensation for Extraordinary Losses |

**CREDIT MONITORING SERVICES.** All Settlement Class Members are eligible to enroll in one year of CyEx Financial Shield Total with three bureaus. This comprehensive service comes with $1 million of financial fraud insurance, and includes monitoring for:

- fraud or identity theft
- unauthorized financial transactions
- personal information associated with high-risk transactions

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH PAYMENTS.** Settlement Class Members may claim payments from *either* Option A or Option B.

**OPTION A**

**Compensation for Ordinary Losses (out-of-pocket expenses).** If you incurred actual, <u>documented</u> out-of-pocket expenses due to the Data Security Incident, you can get back up to **$1,000.00**. The losses must have occurred betweenJune 1, 2025, and [Claims Deadline].

This benefit covers out-of-pocket expenses like:

- fees for credit reports or credit monitoring
- bank fees, long distance phone charges, cell phone changes (only if charged based on the amount of the data used) postage to contact banks by mail
- gasoline for local travel

You need to send proof, like receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim. Your proof or notes should show that your expenses were because of the Data Security Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

**Compenation for Lost Time.** Class Members who spent time responding to the  Data Security Incident may claim up to four hours, at $20.00 per hour, for a maximum of **$80.00**.

You must have spent the time on tasks related to the  Data Security Incident. Some examples include things like:

- changing your passwords
- investigating suspicious activity in your accounts
- researching the  Data Security Incident

You do not need to describe how you spent this time.

**OPTION B**

**Compensation for Extraordinary Losses (losses from identity theft or fraud).** If you lost money because of identity theft or fraud, you can get back up to **$3,000.00**.

You will need to show that:

- the theft or fraud was probably caused by the Data Security Incident
- the losses are not already covered by **Ordinary Losses**

5

- you tried to prevent the loss or get your money back, such as by using insurance you already have

The losses must have occurred betweenJune 1, 2025, and [Claims Deadline].

You need to send proof, like receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim. Your proof or notes should show that your expenses were because of the Data Security Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

**Alternative Cash Payment.** In lieu of the benefits in Option A or Option B, you may claim a one-time *pro rata* cash payment. This payment is expected to be **$35.00**. You cannot claim the **Alternative Cash Payment** if you have elected to claim **Compensation for Ordinary Losses** or **Compensation for Extraordinary Losses**.

You do not have to provide any proof or explanation to claim this payment.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  Lee Enterprises Data Security Incident Settlement
        c/o Settlement Administrator
        [PO Box Number]
        Santa Ana, CA 92799-9958

## 8. What claims am I releasing if I stay in the Settlement Class?

If you stay in the Settlement Class, you won't be able to be part of any other lawsuit against Lee Enterprises about the issues that this Settlement covers. The "Releases" section of the Settlement Agreement (Section 4) describes the legal claims that you give up if you remain in the Settlement Class. The Settlement Agreement is available at www.[SettlementWebsite].com.

# Submitting a Claim Form for a Settlement Payment

## 9. How do I submit a claim for a Settlement benefit?

The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download a printable Claim Form from the website and mail it to the Settlement Administrator at:

Lee Enterprises Data Security Incident Settlement
c/o Settlement Administrator
[PO Box Number]
Santa Ana, CA 92799-9958

You may also contact the Settlement Administrator to request a Claim Form by telephone, toll free, 1-XXX-XXX-XXXX, by email info@[SettlementWebsite].com, or by U.S. mail at the address above.

6

Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com

## 10. Are there any important Settlement payment deadlines?

If you are submitting a Claim Form online, you must do so by [Claims Deadline]. If you are submitting a claim by U.S. mail, the completed and signed Claim Form, including supporting documentation, must be postmarked no later than [Claims Deadline].

## 11. When will the Settlement benefits be issued?

The Court will hold a Final Approval Hearing on [FA Hearing Date] (*see* **Question 18**). If the Court approves the Settlement, there may be appeals. We do not know if appeals will be filed, or how long it will take to resolve them if they are filed.

Settlement payments will be distributed if the Court grants final approval, and after any appeals are resolved.

Please be patient.

# The Lawyers Representing You

## 12. Do I have a lawyer in the case?

Yes, the Court has appointed attorneys Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Jeff Ostrow of Kopelowitz Ostrow; and Leanna A. Loginov of Shamis & Gentile, P.A., to represent you and other Settlement Class Members ("Class Counsel").

## 13. Should I get my own lawyer?

You will not be charged for Class Counsel's services. If you want your own lawyer, you may hire one at your expense.

## 14. How will Class Counsel be paid?

Class Counsel will ask the court to approve up to $200,000.00 as reasonable attorneys' fees and costs of litigation. This amount will be paid from the Settlement Fund.

Class Counsel will also ask for Service Award payments of $1,000.00 for each of the Class Representatives. Service Award payments will also be paid from the Settlement Fund.

# Opting-Out from the Settlement

## 15. How do I opt out of the Settlement?

If you do not want to be part of the Settlement, you must formally exclude yourself from the Settlement. This is called an Opt-Out Request.

If you opt-out, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement benefits if you opt-out. However, you will keep any rights you may have to sue Lee Enterprises on your own about the legal issues in this case.

The deadline to opt-out from the Settlement is **[Opt-Out Deadline]**.

To be valid, your Opt-Out Request must have the following information:

(1) the name of the Litigation: *Fetes, et al. v. Lee Enterprises, Inc.*, Case No. 3:25-cv-00067-SMR-SBJ, pending in the United States District Court for the Southern District of Iowa;

(2) your full name, mailing address, telephone number, and email address;

(3) personal signature; and

(4) the words "Opt-Out Request" or a clear and similar statement that you do not want to participate in the Settlement.

You may only exclude yourself—not any other person.

Mail your Request for Exclusion to the Settlement Administrator at:

Lee Enterprises Data Security Incident Settlement
ATTN: Exclusion Request
[PO Box Number]
Santa Ana, CA 92799-9958

Your Opt-Out Request must be submitted and postmarked by **[Opt-Out Deadline]**.

# Commenting on or Objecting to the Settlement

## 16. How do I tell the Court if I like or do not like the Settlement?

If you are a Settlement Class Member and do not like part or all of the Settlement, you can object to it. Objecting means telling the Court your reasons for why you think the Court should not approve the Settlement. The Court will consider your views.

You cannot object if you have opted-out from the Settlement (*see* **Question 15**)

You must provide the following information for the Court to consider your objection:

(1) the name of the Litigation: *Fetes, et al. v. Lee Enterprises, Inc.*, Case No. 3:25-cv-00067-SMR-SBJ, pending in the United States District Court for the Southern District of Iowa;

(2) your full name, mailing address, unique identifier of the Settlement Class Member; telephone number, and email address (if any);

(3) include proof that the Settlement Class Member is a member of the Settlement Class (e.g., copy of the Settlement Notice, copy of the original notice of the Data Security Incident);

(4) identify the specific factual and legal grounds for the objection;

(5) identify all counsel representing the Settlement Class Member, if any;

(6) include a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past five (5) years;

(7) contain a statement regarding whether the Settlement Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing; and

(8)    your signature (if you have hired your own lawyer, their signature is not sufficient).

For your objection to be considered, it must meet each of these requirements.

To be considered by the Court, you must file your complete objection with the Clerk of Court by **[OBJECTION DATE]**. You must also send a copy of the objection by U.S. Mail to the Settlement Administrator.

| Clerk of the Court | Settlement Administrator |
|---|---|
| Clerk of the Court<br>[Court Address] | Lee Enterprises Data Security Incident Settlement<br>ATTN: Objections<br>[PO Box Number]<br>Santa Ana, CA 92799-9958 |

## 17. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not opt-out from the Settlement. Opting out from the Settlement is stating to the Court that you do not want to be part of the Settlement. If you opt-out of the Settlement, you cannot object to it because the Settlement no longer affects you.

# The Court's Final Approval Hearing

## 18. When is the Court's Final Approval Hearing?

The Court will hold a final approval on **[FA Hearing Date] at [Hearing Time] Central Time**, in Room [Court Room] of the United States District Court for the Southern District of Iowa, at [Court Address].

At the Final Approval Hearing, the Court will decide whether to approve the Settlement. The court will also decide Class Counsel's request for an attorneys' fees and costs award and the request for a Service Award to the Class Representatives. The Court will also consider any timely objections to the Settlement.

If you are a Settlement Class Member, you or your lawyer may ask permission to speak at the hearing at your own cost (*See* **Question 16**).

The date and time of this hearing may change without further notice. Please check www.[SettlementWebsite].com for updates.

## 19. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish, but you do not have to.

If you file an objection, you do not have to come to the Final Approval Hearing to talk about it; the Court will consider it as long as it was filed on time. You may also pay your own lawyer to attend, but you do not have to.

# If I Do Nothing

## 20. What happens if I do nothing at all?

If you do nothing, you will not receive a benefit from this Settlement.

You will also give up the rights described in **Question 8**.

## Getting More Information

### 21. How do I get more information?

This Notice is a summary of the proposed Settlement. The full Settlement Agreement and other related documents are available at the Settlement Website, www.[SettlementWebsite].com.

If you have additional questions, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail:  Lee Enterprises Data Security Incident Settlement
          c/o Settlement Administrator
          [PO Box Number]
          Santa Ana, CA 92799-9958

You can obtain copies of publicly filed documents by visiting the office of the Clerk of the Court, [Court Address].

**DO NOT CONTACT THE COURT OR CLERK OF COURT REGARDING THIS SETTLEMENT**

10

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

# **EXHIBIT D**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| **SARAH FETES, ANTHONY BANGERT, DECLAN LAWSON, NICOLE CHURCH BRIAR NAPIER, and DOUGLAS ARP,** on behalf of themselves and all others similarly situated, | Case No. 3:25-cv-00067-SMR-SBJ |
| Plaintiffs, | |
| v. | |
| **LEE ENTERPRISES INCORPORATED,** | |
| Defendant. | |

**[Proposed]**
**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION**
**FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND**
**PROVISIONALLY CERTIFYING SETTLEMENT CLASS**

**THIS CAUSE** comes before the Court on Plaintiffs' Unopposed Motion for Preliminary

Approval of Class Action Settlement with Incorporated Memorandum of Law ("Motion"), filed

December 2, 2025.[1] Plaintiffs' unopposed Motion requests entry of an order (1) conditionally

certifying the proposed Settlement Class for the purpose of Settlement; (2) preliminarily approving

the Settlement; (3) appointing Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman,

PLLC, Jeff Ostrow of Kopelowitz Ostrow and Leanna A. Loginov of Shamis & Gentile, P.A. as

Class Counsel for Settlement purposes; (4) conditionally appointing Plaintiffs as Class

Representatives; (5) approving the forms and substance of the Notices, Notice Plan, Claim Form,

and Claim process; (6) approving the procedures for Settlement Class Members to opt-out of or

object to the Settlement; (7) appointing Simpluris as the Settlement Administrator and ordering it

---

[1] All capitalized terms used herein have the same meanings as those defined in Section 1 of the
Settlement Agreement, attached to the Motion as ***Exhibit A*** ("SA").

to implement the Notice Plan; (8) staying the Action pending Final Approval of the Settlement; and (9) scheduling a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Class Counsel, and Defendant's counsel.

Having carefully reviewed the proposed Settlement Agreement and its exhibits, all relevant filings, and the record, the Court finds that the proposed Settlement satisfies the criteria for Preliminary Approval, the proposed Settlement Class should be preliminarily certified, the proposed Notice Plan and Claim process should be approved, and Class Representatives, Class Counsel, and the Settlement Administrator should be appointed. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as set forth herein.

## <u>Background</u>

This Action arises from a February 2025 Data Security Incident involving Defendant Lee Enterprises, Incorporated's systems that potentially affected the Private Information of Plaintiffs and Settlement Class Members (approximately 39,779 individuals). In their operative Consolidated Class Action Complaint, Plaintiffs assert claims against Defendant for negligence, negligence *per se*, invasion of privacy, unjust enrichment, breach of fiduciary duty, breach of implied contract, and declaratory judgment. Following the Consolidated Complaint's filing, the Parties began discussing a potential resolution of the Action. In connection with those discussions, the Parties exchanged informal discovery related to the nature of the Data Security Incident, the size and scope of the putative class, the data elements at issue, and Defendant's responsive and remedial measures. The Parties then engaged in arms-length negotiations through experienced counsel, which ultimately resulted in their agreement to resolve the Action through the proposed Settlement. The Parties then worked to draft, negotiate, and finalize the Settlement Agreement,

Notices, and Claim Form accompanying the Motion. The Settlement Agreement was executed on December 9, 2025.

Pursuant to the Settlement Agreement, Defendant will establish a non-reversionary, $600,000.00 Settlement Fund to settle the Action, which will be used to pay (a) Settlement Class Members' Approved Claims for Settlement Payments (Compensation for Ordinary Losses or Extraordinary Losses, or an Alternate Case Payment); (b) Settlement Class Members' Approved Claims for credit monitoring services; (3) Administration Costs, including the costs of Notice; (4) any Fee Award and Costs awarded by the Court to Class Counsel; and (4) any Service Award Payments to Class Representatives approved by the Court. Additionally, the Settlement provides non-monetary prospective relief via Defendant's commitments towards data security-related enhancements, with the costs associated with these security enhancements to be paid by Defendant separate and apart from the Settlement Fund.

Plaintiffs now seek Preliminary Approval of the Settlement on behalf of the proposed Settlement Class. Defendant does not oppose the Motion and agrees that the Court should grant Preliminary Approval and allow Notice to issue to the Settlement Class. As further discussed below, the Settlement falls within the range of judicial approval and includes a comprehensive Notice Plan and Claims process. As such, the proposed Settlement satisfies the criteria for Preliminary Approval, the proposed Settlement Class should be preliminarily certified, and the proposed Notice Plan, Notices, Claims process, and Claim Form should be approved.

**<u>Preliminary Certification of the Settlement Class</u>**

1.    This Court has jurisdiction over this Action, Plaintiffs, all Settlement Class Members, Defendant and any party to an agreement that is part of or related to the Settlement.

2.    The Court provisionally and preliminarily certifies the following Settlement Class

for Settlement purposes only, finding the Court is likely to finally certify it at Final Approval:

> All persons identified as being among those individuals impacted by
> the Data Security Incident, including all who were sent a notice of
> the Data Security Incident.

Excluded from the Settlement Class are (1) the Judge(s) presiding over the Action and members

of their immediate families and their staff; (2) Defendant and its subsidiaries, parent companies,

successors, predecessors, and any entity in which Defendant, has a controlling interest; (3) natural

persons who properly execute and submit a request to opt out prior to the expiration of the Opt-

Out Period; and (4) the successors or assigns of any such excluded natural person.

3.    The Court determines that for Settlement purposes the proposed Settlement Class

meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the

Settlement Class is so numerous that joinder of all members is impractical; there are common

issues of law and fact; the claims of the proposed Class Representatives are typical of absent

members of the Settlement Class; the Class Representatives will fairly and adequately protect the

interests of the Settlement Class, as they have no interests antagonistic to or in conflict with the

Settlement Class and have retained experienced and competent Class Counsel to prosecute the

Action; common issues predominate over any individual issues; and a class action is the superior

means of adjudicating the controversy. Class Counsel is also adequate.

4.    Sarah Fetes, Anthony Bangert, Declan Lawson, Nicole Church, Briar Napier, and

Douglas Arp are designated and appointed as the Class Representatives for settlement purposes

only on behalf of the Settlement Class.

5.    The Court finds that Gary M. Klinger of Milberg Coleman Bryson Phillips

Grossman, PLLC, Jeff Ostrow of Kopelowitz Ostrow P.A., and Leanna A. Loginov of Shamis &

Gentile, P.A. are experienced attorneys and will adequately protect the interests of the Settlement

Class, and appoints them as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

**<u>Preliminary Approval of the Proposed Settlement</u>**

6.      Upon preliminary review, pursuant to Federal Rule of Civil Procedure 23(e)(2) and

applying the relevant factors considered by courts in the Eight Circuit, *see Marshall v. NFL*, 787

F.3d 502, 508 (8th Cir. 2015), the Court finds the proposed Settlement is likely to be approved as

fair, reasonable, and adequate at the Final Approval Hearing, otherwise meets the criteria for

Preliminary Approval, and warrants issuance of Notice to the Settlement Class. Accordingly, the

proposed Settlement is preliminarily approved.

**<u>Final Approval Hearing</u>**

7.      A Final Approval Hearing shall take place before the Court on _____, at _____

to determine, among other things, whether (a) the proposed Settlement Class should be finally

certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3); (b)

the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with

the Settlement's terms, all claims against Defendant in the Action should be dismissed with

prejudice; (c) Settlement Class Members should be bound by the Releases set forth in the

Settlement; (d) the proposed Final Approval Order and final Judgment should be entered; and (e)

the Motion for Class Counsel's Fee Award and Costs and Class Representatives' Service Award

Payments should be granted. Any other matter the Court deems necessary and appropriate will

also be addressed at the Final Approval Hearing.

8.      Class Counsel intends to seek an award of attorneys' fees equal to one-third of the

Settlement Fund ($200,000.00), plus reasonable litigation costs and expenses, to be paid from the

Settlement Fund and subject to Court approval. Service Award Payments of up to $1,000.00 per

Class Representative will also be sought. These amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval Hearing when considering the Motion for Class Counsel's Fee Award and Costs and Class Representatives' Service Awards.

9.      Class Counsel shall file the Motion for Final Approval and for Attorneys' Fees, Costs, and Service Awards no later than 14 days prior to the Objection Deadline and closure of the Opt-Out Period.

10.     Any Settlement Class Member that has not timely and properly opted out from the Settlement in the manner described below may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement and the Motion for Class Counsel's Fee Award and Costs and Class Representatives' Service Awards; provided, however, no member of the Settlement Class that has elected to opt out of the Settlement shall be entitled to object or otherwise appear, and no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

## Settlement Administration

11.     Simpluris is appointed as the Settlement Administrator, with responsibility for implementing and completing the Notice Plan, overseeing the Claims process, and performing all other acts necessary for Settlement Administration. All reasonable Notice and Administration Expenses will be paid from the Settlement Fund, as provided in the Settlement.

## Notice to the Settlement Class

12.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Notice Plan including the Settlement Website and toll-free telephone line and forms of Notice, including the Postcard Notice and  Long Form Notice (the "Notices") attached as Exhibits to the Settlement

Agreement, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in the Settlement Agreement complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

13.     The Court further approves the Claim Form attached as an exhibit to the Settlement Agreement, which will be available both on the Settlement Website and by request.

14.     Non-material modifications to the Notices and Claim Form may be made by written agreement of the Parties without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program and to perform all other tasks the Settlement requires.

15.     The Court finds that the form, content, and method of the Notices (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23(c), the constitutional requirement of due process, and any other legal requirements. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by the Settlement Class.

16.     The Court hereby orders that, within 10 Business Days of entry of this Order, Defendant shall provide the Settlement Administrator with a list of the names and contact information of the Settlement Class Members possessed by Defendant.

17.     The Settlement Administrator shall send all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715 ("CAFA Notices").  Class

Counsel and Counsel for Lee Enterprises shall cooperate promptly and fully in the preparation of such CAFA Notices.

18.     All costs incurred in disseminating or otherwise in connection with the Notices pursuant to the Notice Plan and CAFA Notices shall be paid from the Settlement Fund.

**<u>Opting-Out of the Settlement Class</u>**

19.     Members of the Settlement Class may opt-out of the Settlement Class at any time during the Opt-Out Period (ending 60 days after the Notice Date) by mailing a request to opt-out to the Settlement Administrator postmarked no later than the last day of the Opt-Out Deadline. The opt-out request must be in writing and should identify the case (e.g., by writing "*Fetes, et al. v. Lee Enterprises, Inc.*, No. 3:25-cv-00067-SMR-SBJ"); state the name, address, telephone number and unique identifier of the Class Member seeking to opt out; be physically signed by the person(s) seeking to opt out; and should also contain a statement to the effect that "I hereby request to opt out from the proposed Settlement Class in '*Fetes, et al. v. Lee Enterprises, Inc.*, No. 3:25-cv-00067-SMR-SBJ'" or substantially similar. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by all of theterms and provisions of the Settlement Agreement, including the Releases and Released Claims, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement. Requests to opt out may only be done on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt outs.

20.     Any member of the Settlement Class who timely and validly opts-out from the Settlement Class shall not, provided the Court grants Final Approval, (i) be bound by any orders or Judgment entered for or against the Settlement Class, (ii) be entitled to relief underthe

Settlement Agreement, (iii) gain any rights by virtue of the Settlement Agreement, or (iv) be entitled to object to any aspect of the Settlement Agreement.

21.    No later than five days following the end of the Opt-Out Period, the Settlement Administrator shall provide a declaration stating the number of Settlement Class members who have timely and validly excluded themselves from the Settlement  to Settlement Class Counsel and counsel for Lee Enterprises, and Settlement Class Counsel will file them with the Court as an exhibit to the Proposed Order Granting the Motion for Final Approval of the Settlement.

## Objecting to the Settlement

22.    A Settlement Class Member that complies with the requirements of this Preliminary Approval Order and the Settlement Agreement may object to the Settlement and/or the Motion for Class Counsel's Fee Award and Costs and Class Representatives' Service Awards. Objections must be made by submitting written objections to the Settlement Administrator, postmarked no later than 60 days after the Notice Date or by appearing at the Final Approval Hearing and making an oral objection.

23.    For an objection to be considered by the Court, the relevant Settlement Class Member must not have excluded him or herself from the Settlement Class.

24.    For an objection to be considered by the Court, it must also set forth the following:

   a.    state the Settlement Class Member's full name, current mailing address, unique identifier of the Settlement Class Member, and telephone number;

   b.    include proof that the Settlement Class Member is a member of the Settlement Class (e.g., copy of the Settlement Notice, copy of the original notice of the Data Security Incident);

   c.    identify the specific factual and legal grounds for the objection;

9

     d.   identify all counsel representing the Settlement Class Member, if any;

     e.   include a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past five (5) years;

     f.   contain a statement regarding whether the Settlement Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing; and

     g.   the signature of the objector.

25.    Any Settlement Class Member who fails to object to the Settlement in accordance with the procedures set forth in the Settlement Notices and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs and expenses; and/or (e) the Service Awards for Class Representatives, whether by appeal, collateral attack or otherwise.

<u>**Claims Process and Distribution Plan**</u>

26.    The Settlement establishes a Claims process for assessing and determining the validity of Claims and a methodology for paying Settlement Class Members who submit Approved Claims. The Court preliminarily approves this process.

27.    Settlement Class Members that qualify for and wish to submit a Claim shall do so in accordance with the requirements and procedures specified in the Settlement Agreement and Claim Form. If the Settlement is finally approved, any Settlement Class Member that qualifies for any Settlement Benefit but fails to submit a Claim in accordance with the requirements and procedures specified in the Settlement Agreement and Claim Form shall be forever barred from receiving any such benefit. Such Settlement Class Member, however, will in all other respects be

subject to and bound by the provisions of the Settlement Agreement, including the Releases, the Final Approval Order, and final Judgment.

**Termination of the Settlement Agreement and Use of this Preliminary Approval Order**

28.     This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Preliminary Approval Order, if the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Preliminary Approval Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

29.     If the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date, then this Preliminary Approval Order shall be of no force or effect; shall not be construed or used as (a) an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability or (b) to support a claim for class certification; shall not be construed or used as an admission, concession, or declaration by or against any Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

**Stay of Proceedings**

30.     Except as necessary to effectuate this Preliminary Approval Order, this Action and any Court deadlines set in this Action are stayed and suspended pending the Final Approval

Hearing and issuance of the Final Approval Order, or until further order of this Court.

### Jurisdiction Pending Settlement Approval

31.    This Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof, in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

### Summary of Deadlines

32.    The Settlement as preliminarily approved shall be administered according to its terms pending the Final Approval Hearing. The Court hereby sets the following schedule of events:

| | |
|---|---|
| **Notice Date (Postcard Notice Sent)** | 30 days after Preliminary Approval Order |
| **Notice Completion Date (Notice Plan Completed, Including Reminder Notice)** | 60 days after Notice Date |
| **Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards** | 14 days before Objection Deadline and close of Objection Period |
| **Opt-Out Deadline** | 60 days after Notice Date |
| **Objection Deadline** | 60 days after Notice Date |
| **Deadline to Submit Claim Forms** | 90 days after Notice Date |
| **Final Approval Hearing** | _____, ___, at _____am/pm. |

**SO ORDERED THIS _____ DAY OF _____, 2025.**

_____
Hon.
United States District Court Judge

12