UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| SARAH FETES, ANTHONY BANGERT, DECLAN LAWSON, NICOLE CHURCH BRIAR NAPIER, and DOUGLAS ARP, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEE ENTERPRISES INCORPORATED,<br><br>Defendant. | Case No. 3:25-cv-00067-SMR-SBJ |

**[Proposed]**
**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION**
**FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND**
**PROVISIONALLY CERTIFYING SETTLEMENT CLASS**

**THIS CAUSE** comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement with Incorporated Memorandum of Law ("Motion"), filed December 2, 2025.[1] Plaintiffs' unopposed Motion requests entry of an order (1) conditionally certifying the proposed Settlement Class for the purpose of Settlement; (2) preliminarily approving the Settlement; (3) appointing Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Jeff Ostrow of Kopelowitz Ostrow and Leanna A. Loginov of Shamis & Gentile, P.A. as Class Counsel for Settlement purposes; (4) conditionally appointing Plaintiffs as Class Representatives; (5) approving the forms and substance of the Notices, Notice Plan, Claim Form, and Claim process; (6) approving the procedures for Settlement Class Members to opt-out of or object to the Settlement; (7) appointing Simpluris as the Settlement Administrator and ordering it

---

[1] All capitalized terms used herein have the same meanings as those defined in Section 1 of the Settlement Agreement, attached to the Motion as ***Exhibit A*** ("SA").

to implement the Notice Plan; (8) staying the Action pending Final Approval of the Settlement; and (9) scheduling a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Class Counsel, and Defendant's counsel.

Having carefully reviewed the proposed Settlement Agreement and its exhibits, all relevant filings, and the record, the Court finds that the proposed Settlement satisfies the criteria for Preliminary Approval, the proposed Settlement Class should be preliminarily certified, the proposed Notice Plan and Claim process should be approved, and Class Representatives, Class Counsel, and the Settlement Administrator should be appointed. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as set forth herein.

## Background

This Action arises from a February 2025 Data Security Incident involving Defendant Lee Enterprises, Incorporated's systems that potentially affected the Private Information of Plaintiffs and Settlement Class Members (approximately 39,779 individuals). In their operative Consolidated Class Action Complaint, Plaintiffs assert claims against Defendant for negligence, negligence *per se*, invasion of privacy, unjust enrichment, breach of fiduciary duty, breach of implied contract, and declaratory judgment. Following the Consolidated Complaint's filing, the Parties began discussing a potential resolution of the Action. In connection with those discussions, the Parties exchanged informal discovery related to the nature of the Data Security Incident, the size and scope of the putative class, the data elements at issue, and Defendant's responsive and remedial measures. The Parties then engaged in arms-length negotiations through experienced counsel, which ultimately resulted in their agreement to resolve the Action through the proposed Settlement. The Parties then worked to draft, negotiate, and finalize the Settlement Agreement,

Notices, and Claim Form accompanying the Motion. The Settlement Agreement was executed on December 9, 2025.

Pursuant to the Settlement Agreement, Defendant will establish a non-reversionary, $600,000.00 Settlement Fund to settle the Action, which will be used to pay (a) Settlement Class Members' Approved Claims for Settlement Payments (Compensation for Ordinary Losses or Extraordinary Losses, or an Alternate Case Payment); (b) Settlement Class Members' Approved Claims for credit monitoring services; (3) Administration Costs, including the costs of Notice; (4) any Fee Award and Costs awarded by the Court to Class Counsel; and (4) any Service Award Payments to Class Representatives approved by the Court. Additionally, the Settlement provides non-monetary prospective relief via Defendant's commitments towards data security-related enhancements, with the costs associated with these security enhancements to be paid by Defendant separate and apart from the Settlement Fund.

Plaintiffs now seek Preliminary Approval of the Settlement on behalf of the proposed Settlement Class. Defendant does not oppose the Motion and agrees that the Court should grant Preliminary Approval and allow Notice to issue to the Settlement Class. As further discussed below, the Settlement falls within the range of judicial approval and includes a comprehensive Notice Plan and Claims process. As such, the proposed Settlement satisfies the criteria for Preliminary Approval, the proposed Settlement Class should be preliminarily certified, and the proposed Notice Plan, Notices, Claims process, and Claim Form should be approved.

**Preliminary Certification of the Settlement Class**

1. This Court has jurisdiction over this Action, Plaintiffs, all Settlement Class Members, Defendant and any party to an agreement that is part of or related to the Settlement.

2. The Court provisionally and preliminarily certifies the following Settlement Class for Settlement purposes only, finding the Court is likely to finally certify it at Final Approval:

> All persons identified as being among those individuals impacted by the Data Security Incident, including all who were sent a notice of the Data Security Incident.

Excluded from the Settlement Class are (1) the Judge(s) presiding over the Action and members of their immediate families and their staff; (2) Defendant and its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant, has a controlling interest; (3) natural persons who properly execute and submit a request to opt out prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

3. The Court determines that for Settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the proposed Class Representatives are typical of absent members of the Settlement Class; the Class Representatives will fairly and adequately protect the interests of the Settlement Class, as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent Class Counsel to prosecute the Action; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy. Class Counsel is also adequate.

4. Sarah Fetes, Anthony Bangert, Declan Lawson, Nicole Church, Briar Napier, and Douglas Arp are designated and appointed as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

5. The Court finds that Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Jeff Ostrow of Kopelowitz Ostrow P.A., and Leanna A. Loginov of Shamis &

Gentile, P.A. are experienced attorneys and will adequately protect the interests of the Settlement Class, and appoints them as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

### Preliminary Approval of the Proposed Settlement

6. Upon preliminary review, pursuant to Federal Rule of Civil Procedure 23(e)(2) and applying the relevant factors considered by courts in the Eight Circuit, *see Marshall v. NFL*, 787 F.3d 502, 508 (8th Cir. 2015), the Court finds the proposed Settlement is likely to be approved as fair, reasonable, and adequate at the Final Approval Hearing, otherwise meets the criteria for Preliminary Approval, and warrants issuance of Notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

### Final Approval Hearing

7. A Final Approval Hearing shall take place before the Court on _____, at \_\_\_\_\_ to determine, among other things, whether (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3); (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims against Defendant in the Action should be dismissed with prejudice; (c) Settlement Class Members should be bound by the Releases set forth in the Settlement; (d) the proposed Final Approval Order and final Judgment should be entered; and (e) the Motion for Class Counsel's Fee Award and Costs and Class Representatives' Service Award Payments should be granted. Any other matter the Court deems necessary and appropriate will also be addressed at the Final Approval Hearing.

8. Class Counsel intends to seek an award of attorneys' fees equal to one-third of the Settlement Fund ($200,000.00), plus reasonable litigation costs and expenses, to be paid from the Settlement Fund and subject to Court approval. Service Award Payments of up to $1,000.00 per

Class Representative will also be sought. These amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval Hearing when considering the Motion for Class Counsel's Fee Award and Costs and Class Representatives' Service Awards.

9. Class Counsel shall file the Motion for Final Approval and for Attorneys' Fees, Costs, and Service Awards no later than 14 days prior to the Objection Deadline and closure of the Opt-Out Period.

10. Any Settlement Class Member that has not timely and properly opted out from the Settlement in the manner described below may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement and the Motion for Class Counsel's Fee Award and Costs and Class Representatives' Service Awards; provided, however, no member of the Settlement Class that has elected to opt out of the Settlement shall be entitled to object or otherwise appear, and no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

## Settlement Administration

11. Simpluris is appointed as the Settlement Administrator, with responsibility for implementing and completing the Notice Plan, overseeing the Claims process, and performing all other acts necessary for Settlement Administration. All reasonable Notice and Administration Expenses will be paid from the Settlement Fund, as provided in the Settlement.

## Notice to the Settlement Class

12. Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Notice Plan including the Settlement Website and toll-free telephone line and forms of Notice, including the Postcard Notice and Long Form Notice (the "Notices") attached as Exhibits to the Settlement

Agreement, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in the Settlement Agreement complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

13. The Court further approves the Claim Form attached as an exhibit to the Settlement Agreement, which will be available both on the Settlement Website and by request.

14. Non-material modifications to the Notices and Claim Form may be made by written agreement of the Parties without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program and to perform all other tasks the Settlement requires.

15. The Court finds that the form, content, and method of the Notices (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23(c), the constitutional requirement of due process, and any other legal requirements. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by the Settlement Class.

16. The Court hereby orders that, within 10 Business Days of entry of this Order, Defendant shall provide the Settlement Administrator with a list of the names and contact information of the Settlement Class Members possessed by Defendant.

17. The Settlement Administrator shall send all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715 ("CAFA Notices"). Class

Counsel and Counsel for Lee Enterprises shall cooperate promptly and fully in the preparation of such CAFA Notices.

18. All costs incurred in disseminating or otherwise in connection with the Notices pursuant to the Notice Plan and CAFA Notices shall be paid from the Settlement Fund.

**Opting-Out of the Settlement Class**

19. Members of the Settlement Class may opt-out of the Settlement Class at any time during the Opt-Out Period (ending 60 days after the Notice Date) by mailing a request to opt-out to the Settlement Administrator postmarked no later than the last day of the Opt-Out Deadline. The opt-out request must be in writing and should identify the case (e.g., by writing "*Fetes, et al. v. Lee Enterprises, Inc.*, No. 3:25-cv-00067-SMR-SBJ"); state the name, address, telephone number and unique identifier of the Class Member seeking to opt out; be physically signed by the person(s) seeking to opt out; and should also contain a statement to the effect that "I hereby request to opt out from the proposed Settlement Class in '*Fetes, et al. v. Lee Enterprises, Inc.*, No. 3:25-cv-00067-SMR-SBJ'" or substantially similar. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by all of the terms and provisions of the Settlement Agreement, including the Releases and Released Claims, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement. Requests to opt out may only be done on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt outs.

20. Any member of the Settlement Class who timely and validly opts-out from the Settlement Class shall not, provided the Court grants Final Approval, (i) be bound by any orders or Judgment entered for or against the Settlement Class, (ii) be entitled to relief under the

8

Settlement Agreement, (iii) gain any rights by virtue of the Settlement Agreement, or (iv) be entitled to object to any aspect of the Settlement Agreement.

21.     No later than five days following the end of the Opt-Out Period, the Settlement Administrator shall provide a declaration stating the number of Settlement Class members who have timely and validly excluded themselves from the Settlement to Settlement Class Counsel and counsel for Lee Enterprises, and Settlement Class Counsel will file them with the Court as an exhibit to the Proposed Order Granting the Motion for Final Approval of the Settlement.

### Objecting to the Settlement

22.     A Settlement Class Member that complies with the requirements of this Preliminary Approval Order and the Settlement Agreement may object to the Settlement and/or the Motion for Class Counsel's Fee Award and Costs and Class Representatives' Service Awards. Objections must be made by submitting written objections to the Settlement Administrator, postmarked no later than 60 days after the Notice Date or by appearing at the Final Approval Hearing and making an oral objection.

23.     For an objection to be considered by the Court, the relevant Settlement Class Member must not have excluded him or herself from the Settlement Class.

24.     For an objection to be considered by the Court, it must also set forth the following:

   a. state the Settlement Class Member's full name, current mailing address, unique identifier of the Settlement Class Member, and telephone number;

   b. include proof that the Settlement Class Member is a member of the Settlement Class (e.g., copy of the Settlement Notice, copy of the original notice of the Data Security Incident);

   c. identify the specific factual and legal grounds for the objection;

    d. identify all counsel representing the Settlement Class Member, if any;

    e. include a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past five (5) years;

    f. contain a statement regarding whether the Settlement Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing; and

    g. the signature of the objector.

25. Any Settlement Class Member who fails to object to the Settlement in accordance with the procedures set forth in the Settlement Notices and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs and expenses; and/or (e) the Service Awards for Class Representatives, whether by appeal, collateral attack or otherwise.

## **Claims Process and Distribution Plan**

26. The Settlement establishes a Claims process for assessing and determining the validity of Claims and a methodology for paying Settlement Class Members who submit Approved Claims. The Court preliminarily approves this process.

27. Settlement Class Members that qualify for and wish to submit a Claim shall do so in accordance with the requirements and procedures specified in the Settlement Agreement and Claim Form. If the Settlement is finally approved, any Settlement Class Member that qualifies for any Settlement Benefit but fails to submit a Claim in accordance with the requirements and procedures specified in the Settlement Agreement and Claim Form shall be forever barred from receiving any such benefit. Such Settlement Class Member, however, will in all other respects be

subject to and bound by the provisions of the Settlement Agreement, including the Releases, the Final Approval Order, and final Judgment.

**Termination of the Settlement Agreement and Use of this Preliminary Approval Order**

28. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Preliminary Approval Order, if the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Preliminary Approval Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

29. If the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date, then this Preliminary Approval Order shall be of no force or effect; shall not be construed or used as (a) an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability or (b) to support a claim for class certification; shall not be construed or used as an admission, concession, or declaration by or against any Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

**Stay of Proceedings**

30. Except as necessary to effectuate this Preliminary Approval Order, this Action and any Court deadlines set in this Action are stayed and suspended pending the Final Approval

Hearing and issuance of the Final Approval Order, or until further order of this Court.

### Jurisdiction Pending Settlement Approval

31.  This Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof, in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

### Summary of Deadlines

32.  The Settlement as preliminarily approved shall be administered according to its terms pending the Final Approval Hearing. The Court hereby sets the following schedule of events:

| | |
|---|---|
| **Notice Date (Postcard Notice Sent)** | 30 days after Preliminary Approval Order |
| **Notice Completion Date (Notice Plan Completed, Including Reminder Notice)** | 60 days after Notice Date |
| **Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards** | 14 days before Objection Deadline and close of Objection Period |
| **Opt-Out Deadline** | 60 days after Notice Date |
| **Objection Deadline** | 60 days after Notice Date |
| **Deadline to Submit Claim Forms** | 90 days after Notice Date |
| **Final Approval Hearing** | _____, \_\_\_, at \_\_\_\_\_am/pm. |

**SO ORDERED THIS _____ DAY OF _____, 2025.**

_____
Hon.
United States District Court Judge